under the law as it was at the time of the making of this will, and
of the death of the testator and of his widow, the beneficiaries of
the trusts created by him had the right to take the entire estate, not-
withstanding his intention to the contrary. He could have prevented
this by bequeathing remainders limited in default of the execution of
the power of appointment.

The plaintiffs should have judgment in accordance with the terms
of the submission. All concur.

---

PEOPLE ex rel. ALTHAUSE v. GIROUX CONSOL. MINES CO.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. MANDAMUS—CORPORATIONS—STOCKHOLDERS—RIGHT TO INSPECT BOOKS.

Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, as amended
by Laws 1897, p. 314, c. 384, § 3, requiring every foreign stock corpora-
tion, having an office for the transaction of business in the state, to keep
therein a stock book, which shall be open daily during business hours for
the inspection of its stockholders and judgment creditors, etc., does not
specifically confer the right to make extracts from such stock book; and
where it affirmatively appears that an application for inspection is not
made in good faith, for the protection of the applicant's interest in the
corporation; but that his only purpose is to obtain a mailing list to use for
circularizing purposes in selling stocks of other corporations in con-
nection with his business as a broker, a writ of mandamus will not issue
to aid him.

2. SAME—DISCRETION OF COURT.

There is no express provision of law authorizing the issuance of a writ
of mandamus to enforce the right of a stockholder to inspect the stock
book of a foreign corporation, conferred by Stock Corporation Law, Laws
1892, p. 1840, c. 688, § 53, as amended by Laws 1897, p. 314, c. 384, § 3;
and, when application is made under that section, whether the writ will
issue rests in the sound discretion of the court.

Houghton, J., dissenting.

Appeal from Special Term.

Mandamus by the people, on the relation of Walter Althause, to
compel the Giroux Consolidated Mines Company to allow the inspec-
tion of its stock book. From an order directing a peremptory writ,
defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-
LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Holmes V. M. Dennis, Jr., for appellant.
James A. Allen, for respondent.

McLAUGHLIN, J. This appeal is from an order directing that
a peremptory writ of mandamus issue commanding the appellant,
its officers, directors, agents, and servants, and each of them, forth-
with to exhibit to the relator at its office in the city of New York
the stock book of the appellant, and to allow the relator, during busi-
ness hours at such office, to inspect and make extracts from such
book, and to copy therefrom, if he so desires, the names and places
of residence of its stockholders and the number of shares of stock

held by them respectively. The appellant is a foreign corporation organized under the laws of the state of Delaware. It never applied for a license to do business within the state of New York, and in fact does no business in this state, except that it maintains an office in the city of New York for the convenience of its stockholders in transferring stock and also for the convenience of certain of its officers. Its entire capital stock consists of 1,000,000 shares, of the par value of $5 each. The relator on the 25th of March, 1907, had transferred to him 10 shares of such stock, and two days later he appeared at the office of the corporation in the city of New York and informed the person in charge that he was the owner of a certain certificate, which he then exhibited, and demanded permission to inspect the stock book and make extracts therefrom. The person in charge of the office informed him that the stock book was open at all times for the inspection of stockholders, but that he would like to take advice as to whether extracts could be made from it. The relator thereupon left, and returned the following day, when the same information was given him. A short time thereafter he brought two actions in the Municipal Court of the City of New York to recover the penalty provided in section 53 of the stock corporation law (Laws 1892, p. 1840, c. 688, as amended by Laws 1897, p. 314, c. 384, § 3)—one against the corporation, and the other against the secretary personally. In each of these actions he was unsuccessful; the complaints being dismissed upon the ground that he was endeavoring to make use of the right of inspection for an ulterior purpose.

, On the 6th of May, 1907, he again appeared at the office of the corporation in the city of New York and made a similar demand. The stock book was produced for his inspection and he made numerous extracts therefrom; but, when the person in charge of the office became convinced he intended to make a complete transcript of the book, he took it away. On the following day he again appeared and made a similar demand, and he was then informed that he could inspect the book, and, if there were any points upon which he desired specific information, he could make reasonable extracts from it, but that, unless he gave some good reason for his purpose in doing so, he would not be permitted to make a complete transcript. He thereupon left the office, and within a few days thereafter brought two other actions—one against the corporation, and the other against the secretary—to recover the penalty provided in section 53 of the stock corporation law. In one of these actions his object in desiring to make the extracts was established by his own testimony. He testified that he was a broker, but had no office; that he had been in the business of offering stocks in various corporations for sale for several years, and that was still his business; that he wanted a complete list of the stockholders of the appellant to use for circularizing purposes in the sale of stocks in other companies in which he was interested, and that was the only purpose for which he wanted it. In an affidavit made by him, used on the motion, he stated that he desired to inspect and make extracts from the stock book, so that he could communicate with the stockholders by mail with respect to

negotiating loans upon their stock as collateral security, and also with respect to dealing in the stock, as well as stocks of other companies. It also appeared from papers used upon the motion that the corporation notified him, in writing, prior to the institution of this proceeding, that the stock book was open for his inspection, and, if he would state in writing his reason for wanting to make extracts, he would be permitted to make the same, if, in the judgment of the directors of the corporation, his reasons were not inimical to the rights of the stockholders.

Upon the foregoing facts I am of the opinion that the application for a peremptory writ of mandamus should have been denied. It is to be noted that the statute does not contain any provision as to making extracts from the stock book. The language of the statute is:

"Such stock book shall be open daily during business hours, for the inspection of its stockholders and judgment creditors, and any officer of the state authorized by law to investigate the affairs of any such corporation."

The omission of a provision in this section as to making extracts is somewhat significant, when the section is read in connection with the one relating to the inspection of a stock book of a domestic corporation. That section (29) provides:

"The stock book of every such corporation shall be open daily, during at least three business hours for the inspection of its stockholders and judgment creditors, who may make extracts therefrom."

The statute, therefore, under which the relator claimed the right to make extracts, did not confer upon him specifically such right; but, if it be assumed that the right of inspection which the statute did give him carried with it the right to make such extracts as would enable him to retain the information disclosed by the inspection (People ex rel. Lorge v. Consolidated National Bank, 105 App. Div. 409, 94 N. Y. Supp. 173), then the application should have been denied, because it affirmatively appears that his desire to make extracts was for an ulterior purpose and in no way connected with his interest in the corporation itself or its management. There is no express provision of law authorizing the issuance of a writ of mandamus to enforce the provisions of section 53 of the stock corporation law, and, when application is made under that section, whether such writ will issue rests in the sound discretion of the court to which the application is made. Matter of Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461. When the court can see from the facts presented, or it can fairly be inferred therefrom, that the application is not made in good faith for the protection of the applicant's interest in the corporation, but for some ulterior or improper purpose, then the writ should be refused. Taylor v. Citizens' Nat. Bank, 117 App. Div. 348, 101 N. Y. Supp. 1039. Here, it is perfectly apparent that the application is not made in good faith, but for an ulterior purpose. The relator seeks to make extracts from the stock book, not for the purpose of protecting his interest in the corporation, but to further his own personal interest in matters in no way connected with the corporation or its management.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM and SCOTT, JJ., concur. PATTERSON, P. J., concurs in result. HOUGHTON, J., dissents.