ROBERT E. HENRY, Appellant, *v.* BABCOCK & WILCOX COMPANY, Respondent.

**Corporations — statutory right of stockholders to inspect books of corporations and make transcripts thereof.**

Section 53 of the Stock Corporation Law (Cons. Laws, ch. 59, § 33) recognizes an absolute right in a stockholder to inspect the books of a corporation and imposes an absolute duty upon the corporation and the custodian of the stock book to permit such inspection. The stockholder has a right to take memoranda therefrom in the course of his examination in order to assist his recollection.

*Henry* v. *Babcock & Wilcox Co.*, 125 App. Div. 538, reversed.

(Argued October 25, 1909; decided November 9, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 30, 1908, in favor of defendant upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*William M. Bennett* for appellant. The right of the plaintiff to inspect the defendant's stock book is absolute. (L. 1892, ch. 688, § 53; *Matter of Steinway*, 159 N. Y. 250; *Cotheal* v. *Brouwer*, 5 N. Y. 562; *People ex rel. Harriman* v. *Paton*, 5 N. Y. S. R. 313; *People ex rel. McDonald* v. *U. S. M. R. Co.*, 20 Abb. [N. C.] 192; *People ex rel. Wilson* v. *St. L. & S. F. R. Co.*, 29 Mo. App. 301; *State* v. *S. T. & C. Assn.*, 29 Mo. App. 326; *Mitchell* v. *Rubber Co.*, 24 Atl. Rep. 407; *Lewis* v. *Raynard*, 53 Vt. 510.) The right to inspect carries the right to copy. (*Cotheal* v. *Brouwer*, 5 N. Y. 562; *People ex rel. Lorge* v. *C. Nat. Bank*, 105 App. Div 409.)

*Charles J. Fay* for respondent. The right of a stockholder to an inspection of the stock book required to be kept by section

53 is not "absolute." There are occasions when such inspection will be denied him. (*Matter of Steinway*, 31 App. Div. 70 ; *Matter of Taylor*, 117 App. Div. 348 ; *Matter of Latimer* v. *H. T. Co.*, 75 App. Div. 522 ; *People ex rel. Lorge* v. *C. Nat. Bank*, 105 App. Div. 409 ; *People ex rel. Callanan* v. *K., etc., R. R. Co.*, 106 App. Div. 349 ; *People ex rel. Althause* v. *G. C. M. Co.*, 122 App. Div. 617 ; *People ex rel. Hunter* v. *N. P. Bank*, 122 App. Div. 635.) The inquiry which the defendant made of the plaintiff was reasonable and, on the refusal of the plaintiff to give any answer thereto, the defendant did no wrong to the plaintiff in refusing his application. (*Wylde* v. *N. R. R. Co.*, 53 N. Y. 156 ; *Matter of Rundel*, 158 N. Y. 216 ; *Nutting* v. *K. C. El. R. R. Co.*, 21 App. Div. 72 ; *People ex rel. Hunter* v. *Nat. Park Bank*, 122 App. Div. 635 ; *Marx* v. *Brogan*, 188 N. Y. 431.) Section 53 of the Stock Corporation Law, which section related exclusively to foreign corporations, conferred no right on their stockholders to make extracts from the stock books kept in compliance with that section at their offices maintained in New York state. (*People ex rel. Althause* v. *G. C. M. Co.*, 122 App. Div. 617.)

WILLARD BARTLETT, J. The defendant is a corporation organized under the laws of New Jersey, having its main office for the transaction of business in this state at No. 85 Liberty street in the borough of Manhattan in the city of New York where it keeps its stock book. On January 17, 1908, during the usual hours of business, the plaintiff, being a resident of New York and the owner of one share of stock in said corporation, demanded of its treasurer, who was the officer having charge of the stock book, " to be allowed to inspect the said stock book and to copy therefrom the names of the persons therein set down as stockholders of the defendant together with their places of residences and the number of shares of stock held by them respectively." The treasurer asked the plaintiff his purpose in making the request. This the plaintiff declined to state, saying that he understood his

right was absolute under the law. The treasurer thereupon said : " If you will tell me your purpose and if such purpose appears to me to be proper I will then allow you to inspect the stock book but not otherwise." The plaintiff still declined to disclose his purpose whereupon the treasurer finally refused the desired inspection.

This controversy was then stated between the parties and duly submitted to the Appellate Division, the plaintiff contending that the refusal to permit an inspection of the defendant's stock book entitled him to recover a penalty of $250 under section 53 of the Stock Corporation Law. The Appellate Division has rendered judgment in favor of the defendant and from that judgment the plaintiff now appeals.

Section 53 of the Stock Corporation Law, as in force at the time of this transaction (now section 33 of chapter 59 of the Consolidated Laws) provided that every foreign corporation having an office for the transaction of business in this state should keep a stock book containing a list of its stockholders, showing their places of residence, the number of shares of stock held by them respectively, etc. It further provided as follows: " Such stock book shall be open daily, during business hours, for the inspection of its stockholders. * * * For any refusal to allow such book to be inspected, such corporation and the officer or agent so refusing shall each forfeit the sum of two hundred and fifty dollars ($250) to be recovered by the person to whom such refusal was made." (Laws of 1892, ch. 688, § 53, as amended by Laws of 1897, ch. 384.)

Referring to those cases in which it has been held that the courts in the exercise of their discretion may properly refuse to compel by mandamus the production of the books of a corporation for inspection by a stockholder where it does not appear that the inspection is sought for a legitimate purpose, the learned judge who wrote the prevailing opinion below saw no reason why the same rule should not be adopted in the present case. He thought that the plaintiff's refusal to disclose his motive authorized the inference that the motive was improper ; and that the desired permission to inspect and

copy was rightfully denied, not only for that reason, but because the statute did not expressly entitle a stockholder to copy the names and addresses of the other holders of stock from the stock book.

In *Matter of Steinway* (159 N. Y. 250) the question certified to this court for decision was: " Has the Supreme Court the power, upon the petition of a stockholder, to compel by mandamus the corporation to exhibit its books for his inspection?" In the opinion of the court, Judge VANN carefully inquired into the origin and extent of the authority of the Supreme Court and its power of visitation or of examining into the affairs of corporations according to the common law ; and the conclusion was reached that the common-law right of a stockholder with reference to the inspection of the books of his corporation still exists unimpaired by legislation, and that the Supreme Court has power, in its sound discretion upon good cause shown, to enforce such right. That decision, so far as it goes, tends to sustain the position of the appellant ; but it did not pass upon the force and effect of the statute whose operation is invoked in the present case.

No doubt the legislature could make the stockholder's privilege of inspection dependent upon the motive or purpose with which it is sought; but it has not seen fit to do so. The language of the statute is plain and mandatory. It recognizes an absolute right in the stockholder and imposes an absolute duty upon the corporation and the custodian of the stock book. The law requires no statement or proof of any particular intent upon the part of the person demanding the inspection. He must be a stockholder and must prefer his request during business hours; that is all. If it appeared in good faith that the book was then in actual use for other corporate purposes, he could, of course, be required to wait a reasonable time until such use terminated ; but no such matter of defense is suggested here. The plaintiff was refused any inspection at all in the absence of a disclosure of his purpose; and this action of the defendant has been sanctioned by the judgment of the Appellate Division. We think that judg-

ment is based upon a mistaken construction of the statute in this respect. Nor was the refusal justified on the ground that the law confers upon the stockholder no express right to copy from the book. The right to inspect the book includes the right on the part of the stockholder to aid his memory by copying therefrom to the extent indicated in the agreed statement of facts in the present case. In *Cotheal* v. *Brouwer* (5 N. Y. 562) it was held that the custodian of a register of stockholders which the stockholder had a statutory right to examine could not close the book because a stockholder desired to make a memorandum in the course of his examination in order to assist his recollection. "Unless the stockholder is permitted to take memorandums from the books," said PAIGE, J., "or copies of the names of the stockholders, the plain object of the statutory provision would be defeated." (p. 567.)

The judgment of the Appellate Division should be reversed and judgment directed for the plaintiff in accordance with the terms of the submission, with costs in both courts.

CULLEN, Ch. J., VANN, WERNER, HISCOCK and CHASE, JJ., concur; GRAY, J., not voting.

Judgment reversed, etc.