(139 App. Div. 521.)

### HOVEY v. PROCTOR & GAMBLE CO.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

CORPORATIONS (§ 650*)—FOREIGN CORPORATIONS—DUTY TO KEEP STOCKBOOK.
    Stock Corporation Law (Consol. Laws, c. 59) § 33, requiring certain foreign corporations to keep a book showing the names and addresses of its stockholders for inspection by stockholders, and prescribing a penalty for refusing to permit such inspection, imposes an absolute duty, and a corporation cannot avoid the penalty by failing to keep a book.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2517, 2573; Dec. Dig. § 650.*]

Submitted controversy, without action, between Le Roy F. Hovey and the Proctor & Gamble Company. Judgment for plaintiff.

See, also, 124 N. Y. Supp. 130.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and MILLER, JJ.

Lester S. Kafer, for plaintiff.
Jabish Holmes, for defendant.

McLAUGHLIN, J. The plaintiff seeks to recover from the defendant, a foreign stock corporation—not a moneyed or railroad corporation—the penalty prescribed in section 33 of the stock corporation law (chapter 59, Consol. Laws). That section provides, in substance, that every foreign corporation having an office for the transaction of business in this state, except moneyed and railroad corporations, shall keep therein a stockbook containing the names and addresses of its stockholders, etc., which shall be open daily, during business hours, for the inspection of its stockholders; that if such corporation has in this state a transfer agent the book may be kept at the office of such agent; and that, "for any refusal to allow such book to be inspected, such corporation and the officer or agent so refusing shall each forfeit the sum of $250, to be recovered by the person to whom such refusal was made."

From the agreed facts it appears that the defendant, on the 14th of December, 1909, had an office for the transaction of business at No. 202 Franklin street, in the city of New York. This was what is designated as a "sales office," and was in charge of one Eiswald, who was the principal sales agent of the corporation in the state of New York,

but was not an officer, director, or stockholder. On the day in question the plaintiff, who owned one share of stock of the corporation, applied to Eiswald at this office during business hours, to be allowed to inspect the stockbook of the corporation. The corporation had no transfer agent in the state, and did not then have and never had a stockbook or any books or papers containing the information specified in the section of the statute above quoted either at its said office or anywhere else within the state. Eiswald informed the plaintiff that he was unable to comply with the latter's request for this reason, and the plaintiff now seeks to recover from the corporation the statutory penalty of $250.

It is expressly stated that the office in charge of Eiswald was maintained for the transaction of business, and no claim is made that the corporation was not required by the statute to keep a stockbook there for the inspection of its stockholders. That the plaintiff was entitled to inspect the stockbook is conclusively settled by the case of Henry v. Babcock & Wilcox Co., 196 N. Y. 302, 89 N. E. 942, and it is not claimed that his request to be permitted to do so was not properly made. The defendant being bound by the statute to keep a stockbook there for his inspection, I see no escape from the conclusion that its failure to comply with his request was a "refusal to allow such book to be inspected" which makes it liable for the penalty.

It is strenuously urged by the defendant that there can be no such thing as a refusal to permit an inspection when there is no book to be inspected, and that the statute does not prescribe any penalty for the mere failure to keep such a book. But, as was said in the case above cited:

"The language of the statute is plain and mandatory. It recognizes an absolute right in the stockholder and imposes an absolute duty upon the corporation and the custodian of the stockbook. The law requires no statement or proof of any particular intent upon the part of the person demanding the inspection. He must be a stockholder and must prefer his request during business hours; that is all."

For a like reason it is equally immaterial what ground is made the basis of the corporation's refusal to allow the book to be inspected. The statute imposes an absolute duty upon the defendant to keep a stockbook at its office, open to plaintiff's inspection. The plaintiff had an absolute right to inspect such book and when defendant refused to grant him the right, it refused "to allow such book to be inspected," and whether it had or did not have such a book at its office is entirely immaterial.

The argument of the defendant is novel, to say the least. It has admitted that the corporation was bound to keep a stockbook and to allow the plaintiff to inspect it, and for a refusal to allow him to do so a penalty attached. But it is urged, with apparent seriousness, that by the simple expedient of failing to comply with the first requirement of the statute—that is, to keep a book—it could, by its own willful violation of the law, render itself powerless to comply with the second requirement, and plead such inability as an excuse for denying the plaintiff his right and for escaping the penalty; that it to say, it could,

by violating the statute with reference to keeping a book, create a valid defense to an action to recover a penalty for failure to produce it when called for. It is sufficient to say that the statute is not open to such construction. The defendant, by its own act, cannot repeal the statute itself.

Judgment should therefore be directed for the plaintiff in the sum of $250, with costs. All concur.

Lester S. Kafer, for plaintiff.
Jabish Holmes, for defendant.