PEOPLE ex rel. BRITTON v. AMERICAN PRESS ASS'N.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

MANDAMUS (§ 129*)—DISCRETION AS TO GRANT OF WRIT—INSPECTION OF STOCK BOOK BY STOCKHOLDER.

While a stockholder has a strict legal right to inspect the company's stock book, irrespective of his motives, and mandamus is an appropriate remedy for denial of the right, the granting of the writ is in the sound discretion of the court, and should not be allowed where it is not denied that the application is in the interest of a business rival, and that the stockholder's purpose in seeking an examination is sinister and inimical to the company.

· [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 264; Dec. Dig. § 129.*]

Clarke and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of William R. Britton, against the American Press Association, to compel allowance of an inspection of defendant's stock book. From an order granting a peremptory writ, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles A. Brodek, for appellant.
Louis Hasbrouck Newkirk, for respondent.

SCOTT, J.   This is an appeal from an order granting relator's motion for a writ of mandamus to compel the defendant corporation to permit him to inspect its stock book.

Plaintiff is the owner of five shares of stock of the defendant corporation, and has demanded and been refused the right to inspect its stock book.   The defendant meets the application by the statement of certain facts leading to the conclusion that the application is made in the interest of a business rival of the defendant, and that relator's purpose in seeking an examination is, in the language of the justice at Special Term, "sinister and inimical to the defendant."   The relator makes no denial of the facts stated by defendant, and no disclaimer of the purpose attributed to him, and we are therefore justified in assuming that his attitude is inimical to the defendant, and that his purpose is to injure it in some way through the possession of the information which he seeks.   It is definitely settled that the motives of a stockholder, however sinister, constitute no answer to an action by him to recover the penalty prescribed by statute for the refusal of a corporation to exhibit its stock book upon a proper demand.   The statute recognizes an absolute right in the stockholder, and imposes an absolute duty upon the corporation and the custodian of the stock book.   Henry v. Babcock, 196 N. Y. 302, 89 N. E. 942, 134 Am. St. Rep. 835.   The case just cited establishes the absolute right of the stockholder either to be allowed an inspection, or, if that be denied him, to a recovery of the penalty prescribed by statute.   The right to a mandamus to compel compliance with the statute is not, however, specifically given by the written law, and there still remains open the question whether or not, in a case like the present, the court will aid a stockholder in pursuing his sinister designs upon the corporation by issuing its writ of mandamus.   It has repeatedly been held that it will not (People ex rel. Althause v. Giroux Con. M. Co., 122 App. Div. 617, 107 N. Y. Supp. 188; People ex rel. Hunter v. Nat. Park Bank, 122 App. Div. 635, 107 N. Y. Supp. 369), and it would be unnecessary to further consider that question but for the fact that the court below was of the opinion, and counsel for the respondent strenuously argues, that in some way the decision by the Court of Appeals in Henry v. Babcock has overruled the cases last above cited.   In neither of those cases was any question made as to the mandatory nature of the statute relied upon.   That was assumed and conceded.   The only question considered and decided was as to the granting of a peremptory writ to enforce an absolute right sought to be enforced for a sinister purpose.   That is to say, the only question was as to granting a particular and extraordinary remedy, and this question is not touched upon in Henry v. Babcock, and, so far as the Court of Appeals is concerned, remains an open question.   It is true that relator has a strict and absolute legal

right to inspect the stock book, but the mere existence of an undisputed right, although necessary to the granting of a mandamus, is not sufficient of itself to require the issuance of the writ, for that still rests in the sound judicial discretion of the court. This has been the rule from the earliest times. So well established is it in this state that the granting or refusing of a writ of mandamus rests in the sound discretion of the Supreme Court that the Court of Appeals has uniformly refused to entertain appeals in such cases, unless it is made to appear that the discretion of the court has been abused. Sage v. L. S. & M. S. R. R. Co., 70 N. Y. 220; People ex rel. Lunney v. Campbell, 72 N. Y. 496; People ex rel. Faile v. Ferris, 76 N. Y. 326; In re Dederick, 77 N. Y. 595; People ex rel. Lentilhon v. Coler, 168 N. Y. 6, 60 N. E. 1046. Doubtless the Legislature might have provided that a stockholder wrongly refused an inspection of a stock book might have a peremptory order in the nature of a mandamus to enforce his right, but it has not done so. In Matter of Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461, Judge Vann, writing for the court, examined exhaustively the right of stockholders to examine the books of a corporation, including the right conferred by the statute now invoked by relator, and the authority of the Supreme Court to enforce that right by mandamus. His conclusion was thus expressed:

"We think that the common-law right of a stockholder with reference to the inspection of the books of his corporation still exists, unimpaired by legislation; that the Supreme Court has power in its sound discretion upon good cause shown to enforce the right; and that such power is part of its general jurisdiction as the successor of the Courts of the Colony of New York, which had the jurisdiction of the Court of King's Bench and the Court of Chancery in England."

It is quite unnecessary to cite authorities to sustain the principle referred to by Judge Vann that the exercise of the jurisdiction to grant mandamus rests, to a considerable extent, in the sound discretion of the court, and that in certain cases, although the applicant may have an undoubted legal right, and mandamus would be an appropriate remedy, still the court in the exercise of its sound discretion will refuse to issue the writ. Such a case is presented when the effect of the writ will be to enforce compliance with the strict letter of the law in disregard of its real spirit. See High on Extraordinary Legal Remedies (3d Ed.) § 9. We need not speculate as to the particular purpose sought to be gained by providing by statute that a stockholder shall have the right to inspect upon demand the stock book of his corporation. It is quite safe, however, to assume that the Legislature intended that the right should be exercised for the benefit of the corporation itself, or of its stockholder as such, and that it did not intend that it should be exercised for the destruction or serious injury of the corporation and its stockholders generally, as it is the apparent purpose of the present relator to use the information which he seeks. In reversing the order appealed from therefore, we are holding nothing contrary to what was decided by the Court of Appeals in Henry v. Babcock. On the contrary, we concede that

relator has a strict legal right to an inspection of the stock book. But, conceding that, following an unbroken line of authorities, we further hold that the application for a writ of mandamus is an appeal to our sound discretion, and that under the circumstances of the present case we should not exercise that discretion to issue the writ. The application and enforcement of this rule, as we conceive, will tend to carry into effect precisely what the Legislature intended. An applicant whose purposes are honest and who is not shown to be actuated by a sinister motive will have no difficulty in obtaining the inspection the statute allows him, while one who is shown to act from an improper motive will be relegated to the remedy which the statute itself provides.

For these reasons, the order appealed from will be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM, P. J., and MILLER, J., concur.

CLARKE, J. (dissenting). The appellant is a domestic corporation, having an office for the transaction of its business in the borough of Manhattan, and is not a moneyed corporation or a railroad corporation. The relator is the holder of record of a certificate for five shares of the capital stock of the defendant. As a stockholder he demanded an inspection of the stock book of appellant, and, having been refused, brought this proceeding to obtain a peremptory mandamus to compel the corporation to permit such inspection.

In the answering affidavits the appellant attempts to show that the application is not made in good faith and for legitimate purposes, but in the interests of an inimical business rival. The learned court below granted the application and stated in its opinion:

"That the stockholder of a corporation has an absolute right to an inspection of the stock book without stating his intent."

The corporation appeals.

Section 32 of the stock corporation law (chapter 59, Cons. Laws 1909; chapter 61, Laws of 1909) provides that:

"Every stock corporation shall keep at its office * * * a book to be known as the stock book, containing the names, alphabetically arranged, of all persons who are stockholders of the corporation, showing their places of residence, the number of shares of stock held by them respectively, the time when they respectively became the owners thereof, and the amount paid thereon. The stock book of every such corporation shall be open daily during at least three business hours for the inspection of its stockholders and judgment creditors, who may make extracts therefrom. * * * Every corporation that shall neglect or refuse to keep or cause to be kept such books or to keep any book open for inspection as herein required, shall forfeit to the people the sum of $50 for every day it shall so neglect or refuse. If any officer or agent of any such corporation shall * * * neglect or refuse to exhibit the same or to allow them to be inspected and extracts taken therefrom, as provided in this section, the corporation and such officer or agent shall each forfeit and pay to the party injured a penalty of $50 for every such neglect or refusal and all damages resulting to him therefrom."

Section 33 of the statute contains somewhat similar provisions affecting foreign stock corporations having an office for the transaction of business in this state.

It is true that in said section a penalty is provided for a violation of the provisions thereof, and it is also true that it is not specifically provided that a mandamus may be issued to compel the observance thereof. People ex rel. Gunst v. Goldstein, 37 App. Div. 550, 56 N. Y. Supp. 306, was an appeal from an order commanding the defendant, the secretary and treasurer of a corporation, to produce the stock book of the company, and to allow the relator to inspect and to make extracts therefrom. In affirming the order, Mr. Justice Barrett, speaking for a unanimous court, said:

"Then, too, the relator's motives are of no moment. The defendant has no right to question them. The inspection of its books by the president of the company is a matter of right."

In People ex rel. Callanan v. Keesville, etc., R. R. Co., 106 App. Div. 349, 94 N. Y. Supp. 555, Mr. Justice Houghton, writing in the Third Department for a unanimous court, said:

"We think his demand was sufficient, and that he had an absolute right of inspection, and that the peremptory writ of mandamus should have been granted. * * * The motives of a stockholder in inspecting the stock book alone are immaterial. * * · * It was a privilege accorded him expressly by the statute and he should have been granted an inspection."

And the order denying peremptory writ of mandamus was reversed; and the writ granted.

In People ex rel. Fennelly v. Amalgamated Copper Co., 110 App. Div. 892, 96 N. Y. Supp. 1141, affirmed 184 N. Y. 573, 77 N. E. 1193, and People ex rel. Fennelly v. United Copper Co., 110 App. Div. 892, 96 N. Y. Supp. 1141, affirmed 184 N. Y. 578, 77 N. E. 1193, orders directing a mandamus to compel inspection of the stock books were affirmed by this court and the Court of Appeals, in spite of voluminous allegations, as appears upon the inspection of the records in those cases, that the inspection was desired from selfish and improper motives. But in People ex rel. Hunter v. National Park Bank, 122 App. Div. 635, 107 N. Y. Supp. 369, writing for a divided court, Mr. Justice Ingraham held that the granting of a mandamus is always in the judicial discretion of the court, and that a strict legal right would not be enforced when it appeared that the application was not made in good faith for a legitimate and proper purpose.

Henry v. Babcock & Wilcox Co., 196 N. Y. 302, 89 N. E. 942, 134 Am. St. Rep. 835, was an appeal from a judgment of the Appellate Division in the First Department in favor of defendant upon the submission of a controversy upon an agreed statement of facts. It is true that in that controversy was involved enforcement of the penalty provided by the statute for denial of the right to inspect, but this court (125 App. Div. 538, 109 N. Y. Supp. 853), although greatly divided, applied the doctrine which it had announced in People ex rel. Hunter v. National Park Bank, supra, saying:

"Whenever application is made to inspect and the motive of the applicant is questioned, he should make known what the motive is so that the person having the book in charge may refuse to produce it, if the purpose is to work an injury to the corporation or is purely personal to the applicant and not connected with any interest which he has in the corporation. Here the

plaintiff knew what his motive was. He refused to disclose it, and it is fairly to be inferred from that fact that the motive was not a proper one."

The court gave judgment for the defendant.

With the above cited cases all brought to the attention of the Court of Appeals, that court said:

"No doubt the Legislature could make the stockholder's privilege of inspection dependent upon the motive or purpose with which it is sought; but it has not seen fit to do so. The language of the statute is plain and mandatory. It recognizes an absolute right in the stockholder, and imposes an absolute duty upon the corporation and the custodian of the stock book. The law requires no statement or proof of any particular intent upon the part of the person demanding the inspection. He must be a stockholder and must prefer his request during business hours; that is all. * * * The plaintiff was refused any inspection at all in the absence of the disclosure of his purpose; and this action of the defendant has been sanctioned by the judgment of the Appellate Division. We think that judgment is based upon a mistaken construction of the statute in this respect."

The judgment was reversed, and judgment directed for the plaintiff.

It will not do in my opinion to disregard the plain and emphatic language of the Court of Appeals upon the ground that it was obiter, that the proceeding before it was not mandamus. This precise statute was before it, and the judgment appealed from was based upon the prior decision of this court in mandamus proceedings, and upon the interpretation therein made of this statute, into which this court had read the requirement of establishing a proper motive or intent upon the part of the applicant to entitle him to inspect. That claim the Court of Appeals brushed away and held emphatically that the language of the statute is plain and mandatory. It recognizes an absolute right in the stockholder, and imposes an absolute duty upon the corporation. If that be so, mandamus is an appropriate remedy to enforce that absolute right and compel the performance of that absolute duty. For this court to refuse to enforce such a mandatory statute so interpreted by the court of last resort is to set up its discretion against the clearly expressed will of the Legislature, and in my judgment to reverse, in effect, the Court of Appeals.

I therefore vote to affirm the order appealed from, with costs and disbursements to the respondent.

LAUGHLIN, J., concurs.