(153 App. Div. 599.)

### TOWNSEND v. DAVIS.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1912.)

**1. TRIAL (§ 143*)—JURY QUESTION.**

The court should submit to the jury a question of fact on which the evidence was conflicting.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

**2. CORPORATIONS (§ 181*)—RIGHTS OF STOCKHOLDER—STATEMENT OF AFFAIRS.**

Stock Corporation Law (Consol. Laws 1909, c. 59) § 69, provides that stockholders owning 5 per cent. of the capital stock of any corporation other than a moneyed corporation, etc., may request the treasurer for a statement of its affairs, embracing an account of all its assets and liabilities, and the treasurer shall deliver such statement to the person presenting the request, and for every refusal to comply with the section he shall forfeit $50, and the further sum of $10 for every 24 hours thereafter. *Held*, that a stockholder, though also a director, was entitled to the benefits of the provision.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 674–682, 685; Dec. Dig. § 181.*]

Appeal from Trial Term, Yates County.

Action by Frank B. Townsend against Jacob Davis. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

The action was commenced on the 5th day of June, 1911, to recover the sum of $1,050 as a penalty for the refusal of the defendant, as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

treasurer of the Combination Vendor Company, a domestic corporation, to deliver to the plaintiff, upon his written request therefor, a statement of the affairs of the corporation, under oath, embracing a particular account of all its assets and liabilities.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, and LAMBERT, JJ.

James O. Sebring, of Corning, for appellant.

George S. Sheppard, of Penn Yan, for respondent.

McLENNAN, P. J. The Combination Vendor Company is a domestic corporation having a capital stock of $100,000, with its office and principal place of business at Penn Yan, N. Y. Plaintiff has been the owner of 180 shares of its capital stock since its incorporation, and has been a director of the corporation since its organization. The defendant is the treasurer of the corporation.

Section 69 of the Stock Corporation Law provides as follows:

"Stockholders owning five per centum of the capital stock of any corporation other than a moneyed corporation, not exceeding one hundred thousand dollars, or three per centum where it exceeds one hundred thousand dollars, may make a written request of the treasurer or chief fiscal officer thereof, for a statement of its affairs under oath, embracing a particular account of all its assets and liabilities, and the treasurer shall make such statement and deliver it to the person presenting the request within thirty days thereafter. * * * For every neglect or refusal of the treasurer or other chief fiscal officer thereof to comply with the provisions of this section, he shall forfeit and pay to the person making such request the sum of fifty dollars and the further sum of ten dollars for every twenty-four hours thereafter until such statement shall be furnished."

The Combination Vendor Company is not a moneyed corporation, and the plaintiff is the owner of more than 5 per centum of its capital stock. It is admitted that defendant has not furnished the statement as required by the section above quoted. The defendant contends that no request for any such statement was served upon him, as claimed by the plaintiff, and that the plaintiff, as director of the corporation, had at all times free access to the books of the corporation, and full knowledge concerning its affairs, assets, and liabilities, and that on March 10, 1911, at a meeting of the stockholders, at which plaintiff was present, defendant presented a written statement of the affairs of the corporation, not under oath, embracing a particular statement of its assets and liabilities in the form required by the section quoted. Plaintiff claims that his written request for a statement was served upon the defendant upon March 3, 1911.

The evidence shows that the statement submitted to the meeting of the stockholders of March 10, 1911, included data as to the inventory of machinery, stock, and the like owned by the corporation, and a statement as to its financial condition. As to what took place at the meeting, defendant testified:

"After they got through, when that proper time came, I took out the statement out of my pocket and passed it around to all of them. Mr. Sheppard was there, and he looked at it, and read it through, and when he got through Mr. Townsend was on the opposite side of the table, and I handed it to him, and he looked at it, and he says, 'Will you swear to it.' I says, 'I will swear

to anything the bookkeeper has done, but I will not swear to your inventory,' and he put the paper back on the table, and that was all that was said or done."

The plaintiff concedes that he completed an inventory on January 6, 1911, and turned it over to the defendant; but this inventory was only a list of the machinery and stock owned by the corporation. At that time, and until about June 1, 1911, plaintiff was employed in the mechanical department of the corporation.

[1] The evidence as to service of the written request as claimed by the plaintiff was conflicting, and the trial court could not decide that question as matter of law. It presented a question of fact for the jury. The trial court directed a verdict in favor of the defendant, dismissing the complaint upon the merits, stating the following reasons therefor:

"I do not think this statute applies to the case of a stockholder who is a director in the company. A director in a company is a superior officer to the treasurer, has the right to give the treasurer directions to make out statements, and has a right to take from the custody of the treasurer the books and papers of the company, if he thinks best, for examination. It does not seem to me that the statute was intended to give to a person, who was a director, a right to call on the treasurer to make out statements to him as a stockholder. Undoubtedly he has a right as a director to call on the treasurer for any information he wishes as director of the company, and, being entitled to demand information of that kind from the treasurer, I do not think the statute applies to his case. It applies to stockholders who are not in that position, and who otherwise could not have the facilities for getting the information which a director has."

[2] We think the learned trial court was in error, and that the judgment must be reversed. While the section of the Stock Corporation Law under consideration is highly penal in its character, we see no reason why the language of the section should not be given its ordinary meaning and force. Had it been the intent of the Legislature to preclude a stockholder, who is a director, from obtaining such a statement of the affairs of the corporation, it would have been easy to have expressed that intent in the section. It is probably true that in many corporations there are no stockholders other than those who are directors. It might occur, in some cases, that a majority of the directors would act in hostility to a minority of the directors, and make it difficult for such directors to obtain the information to which they are entitled by any other means than the one pointed out in this section. It is not always true that every director of a corporation has as much or more knowledge concerning its affairs than does its treasurer. A director may, for instance, desire the information while abroad for a long time, or immediately upon his return. We can see no reason why he is not entitled to it under this section. Further, not every director is an accountant, and able to arrive at the facts after the fullest personal examination of the books of a corporation. A man who is a director in several large corporations might find it necessary to give his entire time the year around to an examination of the books and accounts of the different corporations, in order to obtain the information to which he is entitled, if it is to be held that this section is not for his benefit.

We do not think that such was the intent of the lawmakers in enacting this section.  The treasurer or other chief fiscal officer of a corporation has charge of its finances, and probably has, in many cases, a more accurate knowledge of its affairs in that respect than its directors.  He may have knowledge ·which none of them have.  We see no reason why he should not be compelled to state it under oath at the instance of a stockholder who is a director, as well as of a stockholder who is not a director.  The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event.  All concur.