(85 Misc. Rep. 351)

### THEILE v. MERLIS.

### SAME v. TEXAS CO.

(Supreme Court, Appellate Term, First Department.   May 7, 1914.)

CORPORATIONS (§ 181*)—INSPECTION OF CORPORATE BOOKS BY STOCKHOLDERS—REFUSAL TO PERMIT INSPECTION—PENALTY.

> Though a stockholder has an absolute right to inspect the stock book of the corporation at its office during business hours, the officers may, without subjecting themselves or the corporation to the penalty imposed by Stock Corporation Law (Consol. Laws, c. 59) § 33, for a refusal to permit an inspection, demand reasonable proof of the identity of a demandant as the one named in a stock certificate; and the mere production by him of the certificate and a demand acknowledged by him before a notary, or an attempted identification before a third person equally unknown to the officers, are insufficient.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 674–682, 685; Dec. Dig. § 181.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeals from Municipal Court, Borough of Manhattan, Third District.

Actions by William Theile against James A. Merlis and against the Texas Company. From judgments dismissing the complaints, with costs, plaintiff in each case appeals. Affirmed.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

James A. Allen, of New York City, for appellant.

Guy Stevens, of New York City, for respondents.

PAGE, J. The actions are brought against James A. Merlis, as transfer agent of the defendant the Texas Company, and against the said Texas Company, to recover from each, respectively, the penalty allowed by section 33 of the Stock Corporation Law for the refusal of the defendant Merlis to allow the plaintiff to inspect the stock books of the said defendant corporation.

Upon the trial it appears that the plaintiff, William Theile, had purchased one share of the company the day before his demand, and Merlis did not absolutely refuse to exhibit the book to him, but stated that Theile was unknown to him, and would have to be identified as the William Theile who owned a share of the Texas Company. The only identification offered by the plaintiff on December 9, 1913, the day of his first demand, was a certificate of stock made out in the name of William Theile and a demand to see the books, signed and acknowledged by William Theile before a notary public. On December 13, 1913, the plaintiff again appeared, accompanied by one John Mac-Auliffe, equally unknown to Merlis, who came for the purpose of identifying the plaintiff. Merlis was not satisfied with this identification, and suggested that the plaintiff procure a certificate from the broker who sold the stock to him, which the plaintiff refused to do.

The sole question to be determined is whether the defendant's requirement of further identification of the plaintiff was reasonable under the circumstances. I am unable to find a case in which the question has been passed upon, but it would seem upon principle that, though a stockholder of a corporation has an absolute right to inspect the stock books of the company (Henry v. Babcock & Wilcox Co., 196 N. Y. 302, 89 N. E. 942, 134 Am. St. Rep. 835) at the office of the company at any time within business hours, the officers and agents of a corporation are not required to exhibit the books to persons who demand to see them, where such persons are unknown to them, without first exacting reasonable proof of the identity of the said demandants that they are in fact the persons who are the stockholders of the company. The mere production of the certificate of stock and the demand acknowledged by William Theile was no proof that the man who produced them was the person therein named, and the attempted identification by another man equally unknown was futile. The defendant demonstrated his good faith a few days later, after the commencement of the action, by exhibiting the book to the plaintiff upon his properly identifying himself by a person known to defendant. There is no evidence that the defendant at any time arbitrarily refused to exhibit

the book to the plaintiff, and I am of the opinion that his demands were reasonable.

The judgments appealed from should be affirmed, with costs. All concur.