WILLIAM THEILE, Appellant, *v.* JAMES A. MERLIS, Respondent.

WILLIAM THEILE, Appellant, *v.* THE TEXAS COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, May, 1914.)

Corporations — right of stockholder to inspect stock-book — identity required of person named in certificate of stock.

> While a stockholder has an absolute right to inspect the stock-book of a corporation at its office during business hours, the officers and agents of the corporation, before granting such

inspection, may require reasonable proof of an unknown demandant that he is the person named in the certificate of stock presented.

APPEALS from two judgments of the Municipal Court of the city of New York, borough of Manhattan, third district, entered in favor of the defendants dismissing the complaints, with costs. The two cases are submitted upon one record of trial before the court without a jury.

James A. Allen, for appellant.

Guy Stevens, for respondents.

PAGE, J.  The actions are brought against James A. Merlis as transfer agent of the defendant Texas Company and against the said Texas Company to recover from each respectively the penalty allowed by section 33 of the Stock Corporation Law for the refusal of the defendant Merlis to allow the plaintiff to inspect the stock-books of the said defendant corporation.

Upon the trial it appears that the plaintiff, William Theile, had purchased one share of the company the day before his demand and Merlis did not absolutely refuse to exhibit the book to him but stated that Theile was unknown to him and would have to be identified as the William Theile who owned a share of the Texas Company. The only identification offered by the plaintiff on December 9, 1913, the day of his first demand, was a certificate of stock made out in the name of William Theile and a demand to see the books signed and acknowledged by William Theile before a notary public. On December 13, 1913, the plaintiff again appeared accompanied by one John MacAuliffe, equally unknown to Merlis, who came for the purpose of identifying the plaintiff. Merlis was not satisfied with this identification and suggested that the plaintiff

procure a certificate from the broker who sold the stock to him, which the plaintiff refused to do.

The sole question to be determined is whether the defendant's requirement of further identification of the plaintiff was reasonable under the circumstances. I am unable to find a case in which the question has been passed upon but it would seem upon principle that though a stockholder of a corporation has an absolute right to inspect the stock-book of the company (*Henry* v. *Babcock & Wilcox Co.*, 196 N. Y. 302), at the office of the company at any time within business hours, the officers and agents of a corporation are not required to exhibit the book to persons who demand to see them, where such persons are unknown to them, without first exacting reasonable proof of the identity of the said demandants that they are in fact the persons who are the stockholders of the company. The mere production of the certificate of stock and the demand acknowledged by William Theile was no proof that the man who produced them was the person therein named and the attempted identification by another man equally unknown was futile. The defendant demonstrated his good faith a few days later, after the commencement of the action, by exhibiting the book to the plaintiff upon his properly identifying himself by a person known to defendant. There is no evidence that the defendant at any time arbitrarily refused to exhibit the book to the plaintiff and I am of the opinion that his demands were reasonable.

The judgments appealed from should be affirmed, with costs.

Guy and Whitaker, JJ., concur.

Judgments affirmed, with costs.