LOUIS KLINGENSCHMIDT, Plaintiff, *v.* MICHAEL MAR-
TOCCI, Defendant.

(City Court of the City of New York, Special Term, September,
1919.)

Corporations — who may maintain an action to recover a penalty
    for failure to furnish financial statements to stockholders —
    pleading — Stock Corporation Law, § 69.

> Under section 69 of the Stock Corporation Law one owning
> five per cent of the capital stock of a domestic corporation,
> whether a director or not, has an absolute right, upon written
> request to the treasurer or chief fiscal officer thereof, to a
> verified statement of the corporate assets and liabilities, and

upon the treasurer's failure to comply with such request, duly served, the stockholder, irrespective of his motive, may maintain an action against the treasurer to recover the statutory penalty for his failure to comply with such request.

A separate defense in the answer alleging that plaintiff, although a director, has been engaged in another business which competes with that of the corporation; that he is bringing an action against it for arrears of salary although it had been agreed not to press the corporation for money; that plaintiff has daily access to the books of the corporation and is bringing the present suit in bad faith, will be stricken out on motion on the ground that it is insufficient as matter of law.

MOTION to strike out separate defense in an answer.

Nathan H. Stone, for plaintiff.

Frederic C. Leubuscher, for defendant.

VALENTE, J. This is a motion to strike out the separate defense in the answer on the ground that it is insufficient as matter of law. The action is brought under the Stock Corporation Law of New York, section 69, against the defendant, as treasurer of a domestic corporation, to recover the statutory penalty because of defendant's failure to deliver to plaintiff a verified statement of the corporate assets and liabilities pursuant to a written demand duly served upon the defendant on October 31, 1918. The answer contains a general denial of the material allegations of the complaint, and also contains a separate defense, in which it is set up that plaintiff brings this suit in bad faith. This separate defense, briefly summarized, sets forth that plaintiff is himself a director; that although a director, he has been engaged in another business, which competes with the business of the corporation; that he is bringing an action against the corporation

City Court of New York, September, 1919.    [Vol. 108.

for arrears of salary, although it had been agreed not to press the corporation for money; that plaintiff has daily access to the books of the corporation and is bringing this suit in bad faith. Section 69 of the Stock Corporation Law reads as follows: "*Financial statement to stockholders.*— Stockholders owning five per centum of the capital stock of any corporation other than a moneyed corporation, not exceeding one hundred thousand dollars, or three per centum where it exceeds one hundred thousand dollars, may make a written request to the treasurer or chief fiscal officer thereof, for a statement of its affairs, under oath, embracing a particular account of all its assets and liabilities, and the treasurer *shall* make such statement and deliver it to the person presenting the request within thirty days thereafter, and keep on file for twelve months thereafter a copy of such statement, which shall at all times during business hours be exhibited to any stockholder demanding an examination thereof; but the treasurer or such chief fiscal officer shall not be required to deliver more than one such statement in any one year. The supreme court, or any justice thereof, may upon application, for good cause shown, extend the time for making and delivering such certificate. For every neglect or refusal of the treasurer or other chief fiscal officer thereof to comply with the provisions of this section he shall forfeit and pay to the person making such request the sum of fifty dollars, and the further sum of ten dollars for every twenty-four hours thereafter until such statement shall be furnished." Italics mine. It will be noted that the treasurer is given no discretion as to whether he shall furnish the statement or not. The language of the statute is unmistakably mandatory. The statute apparently contemplates an absolute right on the part of a stockholder owning more than five per

cent of the capital stock to such statement, and contemplates a stockholder's right to recover the statutory penalty in the event the treasurer fails to furnish it. Where the right is conferred by statute in absolute terms, the purpose or motive of the stockholder is not material in an action to recover the statutory penalty. A clear legal right given by statute to the stockholder cannot be defeated by showing an improper motive. If the rule were otherwise the stockholder would be driven from a definite, positive right given him by the statute to a realm of speculation, indefiniteness and uncertainty. There is no authority in this state, so far as I am aware, upon the point raised by the present motion, but there are several analogous cases. In *Henry* v. *Babcock & Wilcox Co.*, 196 N. Y. 302, a stockholder requested permission to inspect the stockbook of the corporation. The treasurer feared that the stockholder had an improper or ulterior motive, and requested him to state his purpose. The stockholder refused so to do, and sued for the statutory penalty provided for in Stock Corporation Law, section 33, formerly section 53. The Court of Appeals held that the stockholder was entitled to recover the penalty, irrespective of his motive, and Willard Bartlett, J., said at page 304: " Section 53 of the Stock Corporation Law, as in force at the time of this transaction (now section 33 of chapter 59 of the Consolidated Laws), provided that every foreign corporation having an office for the transaction of business in this state should keep a stock book containing a list of its stockholders, showing their places of residence, the number of shares of stock held by them respectively, etc. It further provided as follows: ' Such stock book shall be open daily, during business hours, for the inspection of its stockholders. * * * For any refusal to allow such book to be inspected, such corpo-

ration and the officer or agent so refusing shall each forfeit the sum of two hundred and fifty dollars ($250), to be recovered by the person to whom such refusal was made.' (Laws of 1892, chap. 688, sec. 53, as amended by Laws of 1897, chap. 384.)'' And at page 305, the learned judge also said: '' No doubt the legislature could make the stockholder's privilege of inspection dependent upon the motive or purpose with which it is sought; but it has not seen fit to do so. The language of the statute is plain and mandatory. It recognizes an absolute right in the stockholder and imposes an absolute duty upon the corporation and the custodian of the stock book. The law requires no statement or proof of any particular intent upon the part of the person demanding the inspection. He must be a stockholder and must prefer his request during business hours; that is all.'' The case of *People ex rel. Britton* v. *American Press Assn.*, 148 App. Div. 652, is perfectly consistent with the decision of the Court of Appeals in the *Henry* case. In the *Britton* case, the application was for a writ of mandamus to compel the treasurer of a corporation to permit an inspection by the stockholder of the stockbook. The Appellate Division, first department, by a divided court, distinguished the application for a writ of mandamus from an action to recover the statutory penalty, holding that upon an application for a writ of mandamus the court retained its discretion to grant or refuse the writ, whereas the right to the statutory penalty is absolute. In making this distinction, former Justice Scott, writing for the majority of the court, said: '' It is definitely settled that the motives of a stockholder, however sinister, constitute no answer to an action by him to recover the penalty prescribed by statute for the refusal of a corporation to exhibit its stock book upon a proper demand. The statute

recognizes an absolute right in the stockholder, and imposes an absolute duty upon the corporation and the custodian of the stock book. (*Henry* v. *Babcock & Wilcox Co.*, 196 N. Y. 302.) The case just cited establishes the absolute right of the stockholder either to be allowed an inspection, or, if that be denied him, to a recovery of the penalty prescribed by statute." Since Stock Corporation Law, section 69, like Stock Corporation Law, section 33, confers on the stockholder an absolute right to recover the penalty, the defendant's contention herein that plaintiff, in seeking to enforce his absolute right, is proceeding from an improper motive constitutes no defense to the action for the recovery of the penalty. Nor is it a defense that plaintiff is a director of the corporation and had daily access to its books and records. In *Townsend* v. *Davis*, 153 App. Div. 599, it was held that section 69 applies to a stockholder who is a director as well as to a stockholder who is not a director. The undoubted intention of the legislature was to place no obstacle in the way of a stockholder seeking to obtain such a statement, and the only condition attached is that the applicant should own five per cent of the capital stock of the company and make his demand, as it concededly has been made herein, in due and proper manner. For these reasons I feel constrained to grant the motion. No costs.

Motion granted.