PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH SARLES, Relator, *v.* KENDALL PRODUCTS CORPORATION, Defendant.

Supreme Court, New York Special Term, November, 1922.

Corporations — mandamus — stockholder of foreign corporation has no right to examine its books if it is doubtful if it is doing business here.

Where it does not clearly appear that an office in this state of a foreign corporation is one for the transaction of business nor whether the corporation has been authorized to do business within this state, an application by one of its stockholders for a peremptory writ of mandamus to compel the corporation to permit him to make an inspection of its stock books will be denied, especially where the applicant is a member of a firm of investment brokers who desires to sell the stock of himself and his customers while the corporation is still engaged in marketing its own stock.

APPLICATION for writ of mandamus.

*Olcott, Bonynge, McManus & Ernst (Walter A. Lynch,* of counsel), for relator.

*Walter Jeffreys Carlin,* for defendant.

MARSH, J. The relator applies for a writ of peremptory mandamus to compel the respondent, a foreign corporation, to permit him to make an inspection of its stock books. The relator has been a stockholder for more than six months. The respondent apparently has some sort of an office within the state, although it does not clearly appear that this office is one for the transaction of business (Stock Corp. Law, § 33), nor whether the corporation has been authorized to do business here. The relator declares that he has no intention to act in any way not in accordance with the best interests of the company, or to in any way impair the value of the assets of the corporation, but that " the sole and only purpose of deponent is to sell the stock which he, himself, owns and which several of the clients of his firm own and have requested him to sell for them." The relator is a member of a firm of investment brokers engaged in the business of selling securities, particularly unlisted stocks, to the general public. The respondent is engaged in marketing its own stock, and at the present time still has a large amount undisposed of. The respondent has based its refusal upon this fact, coupled with the nature of the relator's business, and the president states that he will have no objection to

granting the inspection after the respondent's stock has all been sold.

It is well settled that the issuance of a mandamus in such cases is discretionary. *People ex rel. Althause* v. *Giroux Consolidated M. Co.*, 122 App. Div. 617. In connection with a foreign corporation it is an exception to the general rule that the affairs of such corporation, which has not been authorized to do business within this state, will not be controlled by mandamus. *People ex rel. Solomon* v. *Brotherhood of Painters*, 218 N. Y. 115, 119. Taking this general rule into consideration, and also the fact that the purpose of the application is only to promote the personal interests of the relator in an extraneous matter and has no connection with the business or transactions of the corporation within the state, the application is denied, with ten dollars costs.

Ordered accordingly.