Per Curiam.

The order below- authorizes petitioner to inspect and make extracts from the stock book of appellant Sonotone Corporation as a stockholder under. section 10 of the Stock Corporation Law. The proceeding is in the nature of mandamus under article 78 of the Civil Practice Act. “ While section 10 of the Stock Corporation Law gives stockholders the' right to inspect the stock book of a corporation, the court may- consider the purpose of such an examination on an application for an order under article 78 of the Civil Practice Act, and may, in its.discretion, deny such an application where the purpose is not consonant with law, the business of the corporation or good faith. (Matter of Coombs v. Edtvards, 280 N. Y. 361, 364; Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 469.) ” (Matter of Baker v. Macfadden Publications, Inc., 270 *105 App. Div. 440, 443.) That is similar to the common-law rule (Matter of Steinway, 159 N. Y. 250) and, although it has sometimes been stated that the right of inspection under what is now section 10 of the Stock Corporation Law is absolute (Henry v. Babcock & Wilcox Co., 196 N. Y. 302), “ During the last few years, especially, the principle that the stockholder’s bad faith and improper purposes or motives constitute a bar to the judicial enforcement of the right of inspection has received new support. As said in one late case, ‘ the trend, however, is toward a reversion to the common-law rule, which makes motive and good faith material in an application for inspection.’ In some of the states where the courts originally took the position that the positive terms of the statute were mandatory with respect to the granting of mandamus to enforce the right, as well as to the abstract right itself, that extreme position has been receded from, especially with respect to the remedy, either by the legislature, or by the courts themselves in overruling or limiting their former decisions and adhering to the common-law rule that on application to the courts to enforce the right, a showing of bad faith and improper purpose or motives are sufficient to move the court to exercise its discretion against enforcing the right.” (5 Fletcher’s Cyclopedia Corporations [Perm, ed.], § 2220, pp. 595-596; see 59 A. L. R. 1375 et seq.)
It is not intimated that the burden is on the stockholder affirmatively to show his good faith, but where, as here, the papers before the court establish that the purpose of the inspection is unrelated to the welfare of the petitioner as a stockholder, the application should be denied. If the papers before ':he court disclosed an issue of fact on this subject, an order in .he nature of an alternative mandamus would be warranted, ■ut the facts in this record lead only to the conclusion that .he application is made in bad faith. That petitioner is not motivated by a desire to aid a competing business has no tendency to establish that he is trying to better his economic position as stockholder where what actuates him is clearly ‘ ‘ disinterested malevolence” (American Bank & Trust Co. v. Federal Reserve Bank of Atlanta, Georgia, 256 U. S. 350; Beardsley v. Kilmer, 236 N. Y. 80, 88-90) against the individuals in charge of the corporation.
The order appealed from should be reversed, with $10 costs and disbursements to the appellants and the motion denied.