## No. 11,165.

### H. LEGENDRE & CO. VS. THE NEW ORLEANS BREWING ASSOCIATION.

A stockholder has the legal right to inspect the books of the corporation of which he is a member.

The error of the secretary in refusing to permit him to inspect the books is not of itself ground for damages against the corporation.

The company was not placed in default, and the act is not fixed upon the company as an act for which it is responsible.

A PPEAL from the Civil District Court for the Parish of Orleans.
Monroe, J.

*E. W. Huntington* and *H. L. Dufour* for Plaintiffs and Appellants.

*Charles F. Buck* for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J. This is an action sounding in damages to the amount of $13,500 and interest.

Suit was filed on 7th March, 1892.

The plaintiffs as owners of 838 shares of the capital stock of the defendant's association, on the 8th day of May, 1891, and thereafter, applied to the secretary of the association to examine its books, in which were recorded the transfers of stock.

About that date the said stock could have been sold for $131 per share, and subsequently it depreciated to $115.50 per share.

The plaintiffs allege that they have by reason of the depreciation sustained damages in the amount above stated, which they would have averted if the permission to examine the books of records of transfers of stock had been granted.

That under Art. 245 of the Constitution, and other laws, they had the right to inspect defendant's books.

That the refusal to allow the examination obliges the defendant to repair the damages.

The defendant interposed the peremptory exception of no cause of action.   Also the plea of vagueness.

The plaintiffs presented a supplemental petition, which was filed on the 18th day of April, 1892, reiterating the allegations of their origi-

nal petition and claiming that they had been damaged, since the filing of the suit, in the further sum of $10,000, making the aggregate $23,500 claimed as damages.

A second supplemental petition was subsequently filed in which it was alleged that the books they applied for permission to inspect were, in addition to the book alleged in their original petition, defendant's stock ledger and the bills-payable book, cash and ledger book and journal.

Further, that on the 8th day of May, 1891, these books showed that large sales of the stock of the company had been recently made.

That the company had borrowed money to pay dividends.

That its affairs were not conducted by the directors.

That these books were the only source from which they could obtain information of the facts alleged.

That had they been allowed to inspect these books, these facts would have come to their knowledge; they would have foreseen the inevitable depreciation of their stock and prevented the loss by selling their certificates of shares. They reiterate their demand for the difference in the value of the stock.

The District Court maintained the exception of "no cause of action," and rejected appellants' demand at their costs.

The plaintiffs invoke the rule that stockholders of a corporation have a right to examine its books at any reasonable time.

The following authorities sustain the rule: Const. 1879, Art. 243; Martin vs. Bienville Oil Works Co., 28 An. 204; Cockburn vs. Union Bank, 13 An. 289.

The rule is conceded by the defendant.

The constitutional right to inspect the books at a reasonable time can not reasonably be denied.

There can be no question that the ownership of stock confers the authority to see that the property is well managed.

The exercise of this authority involves primarily the right to examine the books.

A denial of the right by the company in a proper case exposes the corporation to an action, either of *mandamus*, whereby the custodian of the books is ordered by the court to permit the desired access to them, or in an action of damages against the corporate officers who prevented the examination.

The responsibility of the corporation for the acts of the agent and

the right of a stockholder to sue, in a proper case, are not denied in argument.

The question presented is whether upon the demand which was made upon the secretary for permission to examine certain books and his refusal, plaintiff can maintain an action for damages against the defendant company.

It may be incidentally stated that *mandamus* is a remedy preferable to a suit for damages. Cook, Sec. 511.

But the right to inspect the books is not so absolute that *mandamus* will issue without regard to facts and circumstances.

The reasonableness of the request should be considered.

Though the right to inspect is the rule, and it is very seldom proper for the officers of a company to refuse to allow the examination, the refusal is justifiable when curiosity is the motive or when the object is manifestly in opposition of the interest of the company.

If *mandamus* had issued immediately after the refusal, the action would have been maintained against the company only.

It would have had the right to repudiate the refusal and permit the inspection.

The act of the secretary is not absolutely binding upon the company in matter of inspection of the books.

He can not stand in judgment, nor can he as agent of the stockholders occasion damages by refusing the books, for which the company will be liable to one stockholder to the loss of the others, who are not parties and have not given the least sanction to the refusal.

Although the following quotation is not directly in point, it has certain bearing upon the subject:

"Stockholders can not sue the corporation for the purpose of remedying the wrongs committed by its officers without first applying to the directors to interfere and put a stop to the wrongs and a refusal of the directors to do so." Beach, Sec. 885.

An error of an officer in a subordinate position in refusing to permit books to be examined is not *per se* such an error as will expose the company to the payment of damages.

The secretary may be the custodian of certain books, of which he has not, however, the absolute control. They are the company's books.

Persons who become officials of a corporation become the *cestui que trust* of the stockholders. Wait's Act. and Def., Vol. 2, p. 341.

A corporation is not responsible for the unauthorized and unlawful acts of its officers, though done *colore officii*.

"To fix the liability, it must either appear that the officers were expressly authorized to do the act, or that it was done *bona fide*, in pursuance of a general authority, in relation to the subject of it, or that the act was adopted or ratified by the corporation." Angell and Ames, p. 318.

It has been decided that the member of a corporation has the same right as any other creditor to secure the payment of his demand. .

An action was maintained against a corporation on a bond securing a certain sum to the plaintiff, a member of the corporation, the member being decreed by the court a plaintiff for the purpose of the suit, so of notes and book accounts and right to dividend. Angell and Ames, p. 405.

But we have not found a decision or a principle laid down in any of the text books suggesting the possibility of a stockholder holding his co-stockholders responsible in damages on account of the refusal of an officer to allow certain books to be inspected.

It is stated that the individual members are distinct from the artificial body endowed with certain corporate powers.

This of itself does not demonstrate that it was ever contemplated that a secretary of a corporation might place a stockholder in the advantageous position for a certain time of having his account credited with an amount as damages because from a date of refusal to allow inspection the stock had depreciated in value.

The defendant company was not placed in default by an informal request made of the secretary.

The plaintiffs do not allege that they offered their stock for sale.

They limit their complaint to the averment that the facts which they would have ascertained by an inspection of the books would have enabled them "to foresee the inevitable depreciation of their stock and prevented their present loss by selling the same."

This is not actual but remote, and does not offer good ground to hold part of the stockholders in damages.

The bad management of the directors charged in the petition, which plaintiffs state they would have discovered, is not a cause of action which they can maintain alone and for their sole benefit, nor do directly they set it forth as a ground to recover.

They limit their action to the refusal of the secretary; though they

allege mismanagement on the part of the board of directors, they do not allege that the secretary had for object in refusing the books the screening of any of the directors in any mismanagement.

In reference to any loss by reason of the negligence of the directors or other officers it has been decided "that the injury is practically and ultimately an injury to the stockholders, but in the eye of the law the injury is to the corporation itself.  *  *  *  * It is for the corporation to call the directors to an account for their negligence. The action is not an action which the stockholder is to bring. The negligence affects him not directly but indirectly. It is clear also that the stockholder can not hold the corporation itself liable for the negligence of its directors.  *  *  *  * To allow such an action would be to make part of the stockholders liable to other stockholders for the loss, when all are equally injured, equally innocent and equally in a position to complain." Cook on Stock and Stockholders and Corporations, p. 702.

The action can not be maintained by one of the stockholders against the directors for his account and benefit, a fortiori an action can not be maintained by him against the company on the ground that the secretary did not surrender the books for inspection whereby he would have ascertained that the affairs were not properly conducted by the directors.

The exception of no cause of action was properly maintained.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed at appellants' cost.

Judgment affirmed.