Otto W. Meysenburg, as President, and Augustine W. Wright as Secretary and Treasurer of the Rodger Ballast Car Co., v. The People, etc., ex rel., etc.

1. Corporations—*Right of Stockholder to Examine Books Absolute.*—Unless it appears that the examination of the books of a corporation by a stockholder is for some improper or unlawful purpose, the right to make such examination is absolute.

2. Stockholders—*Limitations upon the Right to Examine the Books.*—The only limitation upon the right of stockholders to examine the books of a corporation is that the right be exercised at reasonable and proper times, and not for improper or unlawful purposes.

**Mandamus.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed April 17, 1900.

**Statement.**—This was a petition for mandamus filed by Lewis B. Perrin of Chicago, in which he complains of appellants as president, secretary and treasurer, respectively, of the Rodger Ballast Car Company, an Illinois corporation, and sets forth that petitioner is a stockholder in said company; that the company owns certain patents relating to railroad cars; that it has no manufacturing plant, but procures its cars to be manufactured and then sells the manufactured product; capital stock $500,000, $400,000 outstanding; that petitioner has owned for several years ninety shares par value of $100 each; that on January 10, 1899, petitioner demanded in writing the privilege of inspecting the books and records of the company; states correspondence relating to such request, which request was refused, and the controversy culminated in the company filing a bill for and obtaining an injunction, which on February 10th was dissolved; that petitioner renewed his demand thereafter for an examination of the books and it was refused; that defendant Wright informed petitioner that the company had large loans outstanding, but refused to give details; that petitioner believes the affairs of the company are being mismanaged; that petition is not filed for the purpose of injuring the company, but in good faith, to ascertain whether its affairs are properly conducted; prays for a writ of mandamus giving him and his attorneys access to the books and records at proper hours.

Petition verified.

The answer of the defendants admits the formal matters alleged, together with the procuring of the injunction and its dissolution. Avers that the petitioner was formerly an employe of the Wells & French Company, and was discharged from its employ by defendant Meysenburg, who was then the president of that company, for incompetency; since which time petitioner has cherished deep animosity

toward defendants, and has frequently denounced them in loud and profane language, and in similar terms has threatened to show them up, and to injure them in their business and reputation, and to disclose the business secrets of the Rodger Ballast Car Company to the public, to its customers and to its business rivals; that the profits of said company consist in the difference between the cost to it of manufacture and its selling price; that formerly it was the custom of the company to give its stockholders full information relating thereto, but such information leaked out, and the company was greatly injured thereby; that thereupon the company changed its policy, with full consent of all stockholders, twenty-three in number, save the petitioner, and ceased to furnish stockholders with detailed information, whereupon its business at once increased and it was enabled to get larger sums for its cars; that if such information as petitioner seeks were given out to its rivals and customers, its business would be greatly injured if not destroyed.

Defendants aver it is the intention of petitioner to give out such information; that he could sell such information to customers for a far larger sum than the par or intrinsic value of his stock; and they deny that the suit was brought in good faith, but aver that it was brought with the intention and purpose of injuring the company and its stockholders; and that if petitioner obtains the information sought, he will disclose the same to customers and rivals of the company, and to the public generally, and will thereby greatly injure if not destroy the company's business, and greatly injure the value of the company's stock.

Defendants aver that their only object in this refusal is to protect the company and its stockholders from the threatened disclosures of petitioner; that they have frequently proposed to petitioner to permit some discreet person, or some master in chancery, under pledge of secrecy, to examine the company's books, so as to assure petitioner that the business is properly and economically managed.

By an amendment to the answer defendant Meysenburg states that since the institution of the suit he has severed

his connection with the Wells & French Company and is no longer an officer or stockholder thereof.

To this answer and amended answer petitioner demurred. The demurrer being sustained by the court, defendants declined to plead further and judgment was rendered against them, commanding them to admit petitioner or his agent at proper times to have access to the books of the company; from which judgment the defendants appealed to this court.

Frank P. Blair, attorney for appellants.

Moses, Rosenthal & Kennedy, attorneys for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

The foregoing is the statement in full as made by counsel for appellants.

Did the court below err in sustaining the demurrer to the answer of appellants to the petition for mandamus?

The case of Stone v. Kellogg, 165 Ill. 192, is in many respects like the case at bar. There, as here, the trial court sustained petitioner's demurrer to defendants' answers, and defendants having elected to stand by their answers, final judgment was entered directing that the writ of mandamus be issued.

In the Stone case defendants in their answer alleged:

" That the real purpose of his application for books, papers, records and accounts is not, and never has been, the ascertaining of any facts which the petitioner was legitimately entitled to know, but that such purpose is, and always has been, to discover some possible ground of attack upon said company and its management, contrary to the interests of said company, and for the private advantage of the petitioner. * * * That petitioner, as a stockholder, does not seek the examination of the records, books and papers in good faith, but in furtherance of his own interests outside and in hostility to the company. * * * Neither this suit nor the investigation which said Kellogg professes a desire to make, is for the genuine purpose of subserving the

interest of the Central Union Company or its stockholders, but for the advancement of private and selfish interests of said Kellogg, and that the action of said Kellogg in that behalf is in violation of his duties as director, and in hostility to the just rights and interests of the Central Union Company."

The allegations in the answer of defendants in the Stone case present a defense fully equal to, if not stronger, than does the answer in the case at bar. The opinion of the Supreme Court in that case must be regarded as decisive of this case. Unless it appear that the examination of books and records demanded by the petitioner is for some improper or unlawful purpose the right to make such examination is absolute. In the Stone case our Supreme Court quotes with approval the Alabama case, which holds upon a statute similar to ours:

" The only express limitation is that the right shall be exercised at reasonable and proper times. The implied limitation is that it shall not be exercised for improper or unlawful purposes."

And where it is claimed by the defendant in a mandamus proceeding that the petitioner seeks to examine books and records for any improper or unlawful purpose, it rests upon the defendant to plead and prove the facts upon which such claim is based. If the allegations in the answer are not sufficient to show such a purpose, a demurrer thereto must be sustained. The allegations in the answer in the case at bar are not sufficient and the court below did not err in sustaining the demurrer thereto.

A bill in chancery was filed by the Rodger Ballast Car Company prior to the commencement of this suit for the purpose of restraining the appellee from commencing mandamus proceedings. That case was brought to this court, and the opinion is handed down herewith. (See *ante*, 323.)

The judgment of the Circuit Court is affirmed.