WARREN N. WITHINGTON, Petitioner *vs.* WILLIAM M. BRADLEY.

Cumberland. Opinion January 12, 1914.

*Copy of List of Stockholders. Corporations. Inspection of Corporate Records. Interest of Stockholders. Mandamus. Peremptory Writ. Revised Statutes, Chapter 47, Section 20. Stockholder.*

In a petition for mandamus by stockholder of corporation to compel Clerk of Corporation to allow petitioner to inspect the corporate records and stock book and to take copies and minutes of such parts as concern his interests.

*Held:*

1. At common law stockholders are given the right to examine the books, records and papers of the corporation, when the inspection is sought at proper times and for proper purposes, and those purposes are generally held to be proper which relate to the interest of the stockholder as such.

2. These rights have been extended in this State by Revised Statutes, chapter 47, section 20.

3. Under this Statute, a stockholder has an absolute and unlimited right to inspect the corporate records and the list of stockholders, whatever may be his motive or purpose in seeking to exercise it.

4. While the right of stockholders to inspect the records of the corporation and the list of stockholders is unlimited, the right to take copies and minutes therefrom is limited to such parts as concern their interests.

5. A stockholder is one of many engaged in a joint enterprise and the opportunity to communicate with his associates may be of prime importance, and ownership of stock per se renders information as to who are the co-owners of vital interest.

6. The conduct of the corporation, its policies, plans and methods concern all stockholders, and unless they can reach one another so as to obtain concert of action, they may be powerless to prevent injury or disaster.

On exceptions by the respondent. Exceptions overruled.

This is a petition for writ of mandamus, brought by Warren N. Withington against William M. Bradley as clerk of the Commonwealth Power Railway and Light Company, wherein the petitioner prays that a writ of mandamus may be issued against said Bradley commanding him to allow said petitioner, his agents and attorneys to inspect the records and stock book of the Commonwealth Power Railway and Light Company and to take copies and minutes therefrom of such parts as concern his interests as a stockholder in said corporation. A hearing was had before a single Justice and an alternative writ of mandamus was ordered to issue on the 7th day of November, 1913, directing the respondent to allow the petitioner, his agents and attorneys to inspect the records and stock books of said corporation and to take copies and minutes therefrom of such parts as concern his interests. On said 7th day of November, respondent filed a motion to quash the alternative writ, on the ground that said writ recited that the demand made upon Bradley to inspect the records was made on the 4th day of November, 1913, and that the petition set forth that the demand was made on the 5th day of November, 1913. The presiding Justice denied said motion, and upon motion of petitioner allowed said writ to be amended by striking out the word "fourth" and inserting the word "fifth" to which rulings respondent excepted. The respondent filed his return on the alternative writ. The presiding Justice ruled that the restraint upon the taking of copies is upon the parts to be taken, but not of the use which may be made of them. To all of which rulings and refusals to rule, the respondent excepted. The foregoing exceptions were certified for decision to the Chief Justice.

The case is stated in the opinion.

*Charles E. Gurney,* for petitioner.

*Bradley & Linnell,* for respondent.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, PHILBROOK, JJ.

CORNISH, J. This is a petition for mandamus brought by a stockholder of the Commonwealth Power Railway and Light Company to compel the defendant, as clerk of the corporation, to allow the petitioner to inspect the corporate records and stock book and to take copies and minutes therefrom of such parts as concern his interests.

After hearing before a single Justice the peremptory writ was ordered to issue and the case is before the Law Court on respondent's exceptions to this ruling. The respondent concedes the right of the petitioner to inspect the records and stock book but denies his right to make and carry away with him a list of the stockholders. and his right to do this is the precise issue in this case.

At common law stockholders are given the right to examine the books, records and papers of the corporation when the inspection is sought at proper times and for proper purposes, and those purposes are generally held to be proper which relate to the interest of the stockholder as such. In re Steinway, 159 N. Y., 250; *Varney* v. *Baker,* 194 Mass., 239; *Stone* v. *Kellogg,* 165 Ill., 192; *Venner* v. *Chicago City Railway Co., 246 Ill., 170.*

These rights have been extended in this State by statute. R. S., chap. 47, sec. 20, provides as follows:

"All corporations, existing by virtue of the laws of this state, shall have a clerk who is a resident of this state, and shall keep, at some fixed place within the state, a clerk's office where shall be kept their records and a book showing a true and complete list of all stockholders, their residences and the amount of stock held by each; and such book, or a duly proved copy thereof, shall be competent evidence in any court of this state to prove who are stockholders in such corporation and the amount of stock held by each stockholder. Such records and stock book shall be open at all

reasonable hours to the inspection of persons interested, who may take copies and minutes therefrom of such parts as concern their interests."

The rights of a stockholder under this statute have been clearly defined in the very recent case of *White* v. *Manter*, 109 Maine, 408, where it was held that this statute, so far as the right of inspection is concerned, adds to the common law rights and removes some of the common law limitations and that it gives the stockholder an absolute and unlimited right to inspect the corporate records and the list of stockholders, whatever may be his motive or purpose in seeking to exercise it. "The Statute," say the court, "does not make the purpose material and we cannot." But the court are careful to add that in using this language they are speaking "of the statutory right and not of any particular remedy."

While, however, the statute adds to the common law rights so far as relates to the privilege of inspection, it restricts those rights so far as relates to the taking of copies.

At common law it was frequently held that the right to make copies and minutes was necessarily incidental to the right to inspect, *White* v. *Manter*, supra, but the distinction between the unqualified rights of inspection, and the qualified right of making copies, as given by the statute, is expressed in *White* v. *Manter* as follows:

"But to avoid any misconstruction, it should be observed that while the right of stockholders to inspect the records of the corporation and the list of stockholders is unlimited, the right 'to take copies and minutes therefrom' is limited to such parts 'as concern their interests.' It has been frequently held that the right to make copies and minutes is at common law necessarily incidental to the right to inspect. However this may be, the statute in this state is restrictive. The stockholder has no statutory right to make copies or minutes of more than concerns his interests."

Two questions, therefore, arise in this case:

First, Whether a list of stockholders concerns a stockholder's interests.

Second, If so, whether under the statute he has the right to take a copy of the list irrespective of his motive or purpose.

Both questions must be answered in the affirmative.

As to the first, it is apparent that ownership of stock, per se, renders information as to who are the co-owners a matter of vital interest. A stockholder is one of many engaged in a joint enterprise and the opportunity to communicate with his associates, may be of prime necessity. The conduct of the corporation, its policies, plans and methods concern all stockholders, and, unless they can reach one another so as to obtain concert of action, they may be powerless to prevent injury or disaster. If those in control can prevent the stockholder from obtaining such a list they may thereby perpetuate themselves in power and continue disastrous policies. Why should this information be confined to the officers who are but agents of the stockholders and withheld from the stock-holders themselves, who are the principals? To say that a stockholder may inspect the list but shall not make copies is to effectually checkmate his right because in the ordinary corporation, with stockholders numerous and widely scattered, inspection alone would serve no practical purpose. If he could memorize the list he might secure his rights but that, except in the case of a corporation with a trifling number of stockholders, would be impossible.

What we have said is not intended to reflect in any way upon the officers or the management in the case at bar because the record is barren of any facts that would warrant such assertion or even suspicion. It is simply a general statement as to some of the reasons why any stockholder has an interest in knowing who his associates are.

The interest being granted, has the stockholder the statutory right to take such copy irrespective of his motive or purpose? Here again we must say, following the analogy of *White* v. *Manter,* "the statute does not make the purpose material and we cannot." In that case it was held that, under the statute, access to the records and stock book was conditional only upon being a party interested; that a stockholder was such an interested party and, therefore, had the absolute right to such inspection without regard to his motive or purpose. In the case at bar, where the taking of copies is requested, the statute imposes two conditions, first that the applicant shall be a party interested and second, that he shall take copies of such parts only as concern his interests. The petitioner fulfils

both conditions. He is a stockholder and the taking of a list of stockholders does concern his interest. It therefore follows that, in this case as in the other, the motive or purpose of the petitioner does not affect his statutory right. The restraint imposed by statute is, as the single Justice aptly stated in his decree, a restraint "upon the parts to be taken and not upon the use that may be made of them." If the door is thereby opened too wide, additional restraint upon the statutory right should be made by the Legislature and not by the court.

It should be added, however, that we do not wish to be understood as holding that it is compulsory upon the court in all cases to enforce the stockholder's right by granting the writ of mandamus, *White* v. *Manter,* supra. From its inception mandamus has been a discretionary writ, not a writ of right, and the remedy, extraordinary in its nature, has been somewhat sparingly employed. The character of this writ and the discretion to be exercised by the court in issuing it seem not to have been taken away nor abridged by the statute under consideration. A state of facts might be presented where the purpose of the petitioner was so obviously vexatious, improper or unlawful, that the court might feel compelled to exercise its discretion in the interests of law and justice and decline to issue the writ. In the case at bar, however, the evidence fails to disclose such a purpose and the power of the court was properly exercised. *State ex rel.* v. *Middlesex Banking Co.,* —— Conn., ——, 88 Atl., 861. (Nov. 1913).

*Exceptions overruled.*