HORACE E. EATON, Petitioner, *vs.* JAMES E. MANTER.

Cumberland.   Opinion December 14, 1915.

*Alternative Writ.   Corporation.   Demurrer.   Inspection of Books.*
*Mandamus.   Records.   Stockholders.*

1. The character of this writ and the discretion to be exercised by the court in issuing it seem not to have been taken away nor abridged by the statute herein considered.
2. A state of facts might be presented where the purpose of the petitioner was so obviously vexatious, improper or unlawful, that the court might feel compelled to exercise its discretion in the interests of law and justice and decline to issue the writ.

On exceptions by defendant. Exceptions sustained. Motion for peremptory writ to issue denied.

Petition for mandamus by a stockholder in Maine Corporation to compel defendant, the clerk of said corporation, to allow him to inspect books and records, etc. To the defendant's answer to the alternative writ, the petitioner demurred. The presiding Justice sus-

tained the demurrer and ordered the peremptory writ of mandamus to issue. To this ruling, the defendant excepted.

The case is stated in the opinion.

*Charles E. Gurney,* for petitioner.

*Verrill, Hale & Booth,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, HANSON, PHILBROOK, JJ.

PHILBROOK, J. This is a petition for mandamus brought by a stockholder in a Maine corporation to compel the defendant, who is the clerk of that corporation, to allow the petitioner to examine the records and stock book of said corporation and to take copies and minutes therefrom of such parts as concern his interests. The defendant filed his return or answer to the alternative writ and the petitioner demurred thereto. Upon hearing the presiding Justice sustained the demurrer and ordered the peremptory writ of mandamus to issue. To this ruling and order the defendant excepted. The petition, alternative writ, return to the alternative writ, demurrer and bill of exceptions comprise the case.

So much of the statutes as relates to this case is found in R. S., Chap. 47, Sec. 20:

"All corporations, existing by virtue of the laws of this State, shall have a clerk who is a resident of this State, and shall keep, at some fixed place within the State, a clerk's office where shall be kept their records and a book showing a true and complete list of all stockholders, their residences and the amount of stock held by each; . . . Such records and stock book shall be open at all reasonable hours to the inspection of persons interested, who may take copies and minutes therefrom of such parts as concern their interests."

The following is found in the last paragraph of the bill of exceptions which was allowed by the presiding Justice:

"The presiding Justice considered that in view of the previous decisions of this court he had no discretion to refuse a peremptory writ, and therefore on June 17, 1915, made a ruling that the peremptory writ of mandamus issue as prayed for."

The defendant contends for two propositions,

1st. That the court has the right to exercise its discretion and to refuse the writ if it considers that the proposed use by the petitioner of his status as a stockholder is an improper one;

2nd. That it is an improper use by a stockholder of his status as a stockholder to obtain a list of his coinvestors in a particular enterprise and sell this list broadcast to brokers or others.

In discussing the first contention we must clearly differentiate between the existence of a right and the authorization of the method of enforcing it. In *White* v. *Manter,* 109 Maine, 408, and *Withington* v. *Bradley,* 111 Maine, 384, relied on by the petitioner, our court distinctly notes this difference. Conceding a right to inspect these books and records, given by common law and by the statute hereinabove referred to, the courts are not agreed that it is compulsory upon the court in all cases to enforce the right by mandamus, which is a discretionary writ, and not a writ of right. Some courts seem to hold that when the right to inspect is guaranteed by statute mandamus must issue as a matter of course and that nothing is left to the discretion of the court. It is elsewhere held that the statutory right, while absolute in terms, is subject to the implied limitation that it shall not be exercised from idle curiosity, or for a merely vexatious or an unlawful purpose. *White* v. *Manter,* supra, and cases there cited. In *Withington* v. *Bradley,* supra, our court has said, "We do not wish to be understood as holding that it is compulsory upon the court in all cases to enforce the stockholders' right by granting the writ of mandamus. From its inception mandamus has been a discretionary writ, not a writ of right, and the remedy extraordinary in its nature, has been somewhat sparingly employed. The character of this writ and the discretion to be exercised by the court in issuing it seem not to have been taken away nor abridged by the statute under consideration. A state of facts might be presented where the purpose of the petitioner was so obviously vexatious, improper or unlawful, that the court might feel compelled to exercise its discretion in the interests of law and justice and decline to issue the writ."

As to the second contention, we learn from the answer of the defendant admitted by the demurrer to be true as to allegations of fact, that the number of stockholders in the corporation exceed nine hundred sixty-three, that the number of shares outstanding is sev-

enty-two thousand, eight hundred fifty-eight, that the petitioner owns only a single share, of the value of less than fifty dollars, that said single share was acquired by him solely for the purpose of enabling him to examine the records and stockbook of said corporation and take copies therefrom of the list of stockholders in order that he might sell the same to brokers and others dealing in the stock of corporations, and to enable him otherwise to give information of the names and holdings of said corporation to persons not stockholders of or in any manner interested in said corporation.

We are of the opinion that these conditions bring this case clearly within the rule laid down in *Withington* v. *Bradley,* supra, and that we should decline to issue the peremptory writ. It follows that both contentions of the defendant should be sustained and that the mandate should be,

*Exceptions sustained.*

*Motion for peremptory writ to issue denied.*