GEORGE C. SHEA *vs.* HARRY F. SWEETSER.

Cumberland.    Opinion November 18, 1920.

*Rights of stockholders to inspect and examine the books of the corporation. Even*
*when the right to inspect is guaranteed by statute, the issuance of a writ of*
*mandamus lies within the discretionary power of the court, and is*
*not a matter of right. It is a prerogative writ issued at*
*the discretion of the court when equity requires it.*

The petitioner in 1919, not being then a stockholder in the Ventura Consolidated
Oil Fields, wished to obtain a list of the stockholders in that corporation for the
purpose of attempting to sell them other stock. For this purpose he purchased
five shares of stock through one Prescott, a compiler of and dealer in stock-
holders' lists. He then demanded the privilege of examining the books. This
being denied, he began his petition for writ of mandamus to enable him to
examine books and obtain a list of stockholders. It is not contended that he
desired the list because of any stock ownership. He acquired a nominal stock-
holding for the purpose, and only for the purpose of securing the list.

A single Justice before whom the case was heard ordered the peremptory writ to
issue. The case is brought up on exceptions.

*Held:*

That the writ of mandamus is not a writ of right. It is a prerogative writ issued
at the discretion of the court when equity requires it.

*Held:*

Further that the court will protect the interests of the smallest stockholder, but
it will not exercise its extraordinary power of compelling by mandamus the
production of corporate records for inspection at the mere behest of one who
acquires a nominal stock interest for the sole purpose of advertising other goods
or stocks.

On exceptions. In this case, the plaintiff petitioned under R. S.,
Chap. 107, Sec. 17, for a writ of mandamus commanding the defend-
ant to permit the petitioner to inspect the records and stock-book of
the corporation. An alternative writ was issued, and a hearing had
thereon before a single Justice who decreed that a peremptory writ
be issued, to which decree defendant excepted. Exceptions sustained.
Peremptory writ denied.

Case is stated in the opinion.

*Charles E. Guerney,* for petitioner.
*C. A. Hight, and H. P. Sweetser,* for respondent.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL,
DEASY, JJ.

DEASY, J.  The plaintiff, holder of five shares of stock of the
Ventura Consolidated Oil Fields, a Maine corporation of which the
defendant is clerk, has petitioned under R. S., Chap. 107, Sec. 17 for
a writ of mandamus commanding the defendant to allow the petitioner
to inspect the records and stock-book of the corporation and to take
copies and minutes therefrom of such parts as concern his interests.

An alternative writ has been issued, a return made and hearing
had thereon before a single Justice who decreed that a peremptory
writ be issued as prayed for.

The case is brought to this court on exceptions to the issuance of
the peremptory writ.   To the issuance of the alternative writ excep-
tions were also taken and a bill of exceptions filed.   This however
was not certified as provided by statute, and does not appear to have
been allowed.

The question raised by the only bill of exceptions before this court
is whether the peremptory writ should have been denied because of
the purposes for which it was asked.

It appears that the petitioner in 1919, not being then a stockholder
in the Ventura Consolidated Oil Fields, wished to obtain a list of the
stockholders in that corporation for the purpose of attempting to sell
them other stock.   For this purpose he purchased five shares of
stock through one Prescott, a compiler of and dealer in stockholders'
lists.   He then demanded the privilege of examining the books.   This
being denied, he began his petition for writ of mandamus to enable
him to examine books and obtain a list of stockholders.   It is not
contended that he desired the list because of any stock ownership.
He acquired a nominal stockholding for the purpose, and only for
the purpose of securing the list.

At common law, independently of statute, it has been uniformally
held that the right to examine books of a corporation exists only in
favor of stockholders who invoke such right for a proper and legiti-
mate purpose.   Cook on Corporations, Section 514.   *White* v.
*Manter,* 109 Maine, 409.   *Withington* v. *Bradley,* 111 Maine, 386.

But the Maine Statute, Chap. 51, Sec. 22 provides that "Such records and stock-book (of a corporation) shall be open at all reasonable hours to the inspection of persons interested who may take copies and minutes therefrom of such parts as concern their interests." This makes absolute and unqualified the right which at common law was conditional. "The statute right of inspection of corporate records and of the list of stockholders by a stockholder is absolute and unlimited. The statute does not make the purpose material and we cannot." *White* v. *Manter*, 109 Maine, 410. Substantially similar statutes of other states have been given the same construction.

But all the above relates to the *right* and not to the *remedy*. From the earliest times the writ of mandamus has been held to be a prerogative or discretionary writ and not a writ of right. "The writ of mandamus is not a writ of right. It is issuable at the discretion of the court and when equity requires it." *Belcher* v. *Treat*, 61 Maine, 581. *Davis* v. *Comrs.*, 63 Maine, 397. *Withington* v. *Bradley*, 111 Maine, 384. *Eaton* v. *Manter*, 114 Maine, 261. No statute has ever made this writ a writ of right. The Legislature has never taken away or abrogated the discretionary power of the court.

"Some courts seem to hold that, when the right to inspect is guaranteed by statute mandamus must issue as a matter of course and that nothing is left to the discretion of the court." *White* v. *Manter*, supra.

But other authorities including this court hold the contrary. *Wight* v. *Henblein*, (McL.), 75 Atl., 507; *Board of Directors* v. *Board of Excise*, (Okl.), 122 Pac., 520; *Eaton* v. *Manter*, 114 Maine, 259. "Courts in the exercise of wise judicial discretion may in view of the consequences attendant upon the issuing of a writ of mandamus, refuse the writ though the petitioner has a clear legal right for which mandamus is an appropriate remedy." *Akin* v. *Supervisors.* (Ill.), 56 N. E., 1044.

We adhere to the opinion previously expressed that the discretionary power of the court has not by the statute been taken away or abridged. *Eaton* v. *Manter*, 114 Maine, 259; *Knox* v. *Coburn*, 117 Maine, 409. *Bryer* v. *Wyman*, 118 Maine, 378.

Is the petitioner in this case entitled to the writ? He is not so entitled if the purpose is vexatious, unlawful or the gratification of idle curiosity. *Eaton* v. *Manter*, 114 Maine, 261 and cases cited. He is not so entitled if his purpose is to "abuse the writ rather than use it." *White* v. *Manter*, supra.

While "it is impossible as yet to extract a rule that may be called well settled" (*White* v. *Manter*, supra) we think that the rule when settled will compel a denial of the writ in cases like this.

A stockholder may invoke the aid of the court to enforce his rights under R. S., Chap. 51, Sec. 22 without proof or allegation that his interests as stockholder require an examination of corporate records, and notwithstanding that his interests may be adverse, or his purposes hostile to the corporation. *Kuhbach* v. *Irving Co.*, (Pa.), 69 Atl., 981; *Cobb* v. *Lagarde*, (Ala.), 30 So., 326.

But the writ of mandamus is an "extraordinary remedy" *Edwards* v. *Farrington*, 102 Maine, 140. It would become a very ordinary remedy indeed if a mandamus writ like a trading stamp, should go with the sale of every share of stock.

The court will protect the interests of the smallest stockholder, but it will not exercise its extraordinary power at the mere behest of one who acquires a nominal stock interest for the sole purpose of advertising other goods or stocks. *Eaton* v. *Manter*, supra.

*Exceptions sustained.*
*Peremptory writ denied.*