THE STATE OF DELAWARE, upon the relation of William Theile, Plaintiff Below, Plaintiff in Error, *vs.* CITIES SERVICE COMPANY, a corporation existing under the laws of the State of Delaware, Defendant Below, Defendant in Error.

1. MANDAMUS—RETURN TO ALTERNATIVE WRIT IS CONCLUSIVE.

The return to the alternative writ of mandamus is conclusive, and is to be taken as true for the purpose of the case.

2. MANDAMUS—UNDENIED ALLEGATIONS OF ALTERNATIVE WRIT ARE TAKEN AS TRUE.

The allegations in the alternative writ of mandamus, which are not denied in the return, are taken as true.

3. MANDAMUS—ISSUES ONLY IN DISCRETION OF COURT.

Mandamus is a writ issuable only in the exercise of a sound judicial discretion, and it is to be presumed that, if the Legislature had intended to alter the ancient nature of a remedy, it would have so provided in express terms.

4. MANDAMUS—STOCKHOLDERS HAVE NO RIGHT TO MANDAMUS TO INSPECT BOOKS FOR PURPOSE NOT CONNECTED WITH RIGHTS AS SUCH.

General Corporation Law, § 29, giving stockholders an unqualified right to inspect the books of the corporation at reasonable times, does not entitle a stockholder to mandamus to compel the corporation to permit such inspection in all cases, but only where the inspection is sought by the stockholder in his capacity as such, and not for some purpose disconnected with his rights as a stockholder.

5. MANDAMUS—NOT GRANTED TO ENABLE STOCKHOLDER TO OBTAIN LISTS OF NAMES AND ADDRESSES FOR SALE.

Mandamus will not be issued to compel a corporation to permit a holder of one share of its stock to make an inspection of its books for the purpose of obtaining a list of the names and addresses of the stockholders to sell to others.

(*January* 10, 1922)

WOLCOTT, Chancellor, PENNEWILL, C. J., and RICHARDS, J., sitting.

*Ayres J. Stockly* and *Daniel O. Hastings* for plaintiff in error.
*James M. Satterfield* for defendant in error.

Supreme Court, January Term, 1922.

Error to Superior Court for New Castle County.

Case in Court Below reported in 1 W. W.Harr, (31 Del.), 346, 114 Atl. 463.

## STATEMENT OF THE CASE

William Theile, plaintiff in error, filed his petition in the Superior Court, sitting in and for New Castle county, against Cities Service Company, defendant in error, seeking to compel the defendant to admit him to an inspection of its stock ledgers. A writ of mandamus was prayed against the company, "commanding it to permit your petitioner, his agents and attorneys, to inspect and make copies of the original or duplicate stock ledgers of the said company, containing the names and addresses of the stockholders and the number of shares held by them respectively, such inspection and copies to be made during the usual hours of business."

An alternative writ of mandamus was issued and the defendant made return thereto. For the present purpose, it is sufficient to state in condensed form only those facts averred in the return which are material to the issue before us. These facts are that the Cities Service Company has a large outstanding capital stock, viz, 422,447 shares of common stock of the par value of $100 each; 765,871 shares of the preferred stock of the par value of $100 each, and 280,620 shares of preference B stock, of the par value of $10 each; that these shares are held by approximately 26,000 shareholders; that the petitioner is the owner of 1 share of the preferred stock, he having become the record owner of the same on November 20, 1919; that the market value of the 1 share of petitioner's stock at said time was about $70; that petitioner is engaged in the business of procuring and selling for his own individual gain and profit lists of the names and addresses of the stockholders of various corporations; that he is not a broker, and is not engaged in the business of buying and selling the stocks of the defendant corporation; that he desires to inspect the books in question, "not for the purpose of acquiring any information as to any matter or thing relating to his interest as a stockholder in this corporation, or for the protection of the same, but for the sole

purpose and with the sole intention of selling, for his own individual gain and profit, copies of the lists of names and addresses of the stockholders of this corporation, to other persons to be used by said persons in circularizing the public in the effort to sell stocks of other corporations"; that petitioner purchased the 1 share he owns for the sole purpose of securing said lists as aforesaid and for the purpose of selling the same; that the petitioner's motive is, therefore, "illegitimate, sinister, unreasonable, without a laudable purpose, or object to accomplish, and so highly improper as to constitute a clear abuse of the right intended to be covered by the statute rather than a clear exercise thereof; and if his application is granted, it will be detrimental to the interest of the individual stockholders thereof."

It appears from the petition that the petitioner made his first demand upon the company for an inspection of its stock ledgers on December 4, 1919.

The petitioner moved to quash the return to the alternative writ, and the denial of this motion is the alleged error which the petitioner seeks to have this court correct.

The statutory provision upon which the petitioner relies is section 29 of the General Corporation Law of this state. This section is published in the *Revised Code* of 1915 as *section* 1943, and is as follows:

"1943. *Sec. 29. Voting List of Stockholders; Preparation; Inspection; Refusal to Produce; Penalty; Voting Powers of Security Holders.*—After the first election of directors no stock shall be voted on at any election which shall have been transferred on the books of the company within twenty days next preceding such election, and it shall be the duty of the officer who shall have charge of the stock ledger to prepare and make, at least ten days before every election, a complete list of stockholders entitled to vote, arranged in alpha-. betical order. Such list shall be open at the place where said election is to be held for said ten days, to the examination of any stockholder, and shall be produced and kept at the time and place of election during the whole time thereof, and subject to the inspection of any stockholder who may be present. Upon the neglect or refusal of the said directors to produce such list at any election they shall be ineligible to any office at such election. The original or duplicate stock ledger shall be the only evidence as to who are stockholders entitled to examine such list or the books of the company, or to vote in person or by proxy, at such election. The original or duplicate stock ledger contain-ing the names and addresses of the stockholders, and the number of shares held by them, respectively, shall, at all times, during the usual hours for busi-ness, be open to the examination of every stockholder at its principal office

or place of business in this state, and said original or duplicate stock ledger shall be evidence in all courts of this state."

WOLCOTT, Chancellor, delivering the opinion of the court, after making the foregoing statement:

[1, 2] In this state, the return to the alternative writ is conclusive and is to be taken as true for the purpose of the case. *State ex rel. Brumley v. J. & M. Paper Co.*, 1 *Boyce*, 379, 77 *Atl.* 16, 30 *L. R. A.* (*N. S.*) 290. So also are all the allegations in the alternative writ which are not denied in the return. *Bay State Gas Co. et al. v. Content & Co.*, 4 *Pennewill*, 238, 56 *Atl.* 1114.

The plaintiff in error contends (1) that by virtue of the provisions of section 29 of the General Corporation Law, he has an absolute, unqualified right to inspect the books in question, and that the court has no discretion in cases under the statute to deny him the aid of the remedy of mandamus in his attempt to secure the enjoyment of this right, when the corporation has, after due application by him, refused to allow the inspection; or (2) if it be conceded that there is any judicial discretion in the matter, yet the facts set forth in the return do not justify a refusal of the writ in this case.

The defendant in error controverts the first proposition, contending that notwithstanding the absolute terms of the statutory provision above quoted, the issuance of the peremptory writ in such cases nevertheless rests in the sound discretion of the court, and urges with respect to the second proposition, that the facts in this case address an unfavorable appeal to this discretion.

We shall dispose of the points in controversy in the order in which they are above stated.

[3] With respect to the first point, it is to be observed that heretofore mandamus has always been regarded in this state as it was at common law, namely, as a writ issuable only in the exercise of a sound judicial discretion. *McCoy v. State*, 2 *Marv.* 544, 36 *Atl.* 81; *State v. J. & M. Paper Co.*, *supra*. If the plaintiff in error succeeds in establishing his first contention, the writ of mandamus in cases under *section* 29 of the General Corporation

Law, must be held to be issuable as of course. And thus this extraordinary remedy will in such cases lose one of its chief characteristics, which has from the time of its original employment always adhered to it. It seems to us that if the Legislature, in the enactment of *section* 29 of the General Corporation Law, had intended to thus alter the ancient nature of this remedy so as to make it available to suitors in all cases under this section as freely as the common and ordinary writs that are issuable as of course, it would have so provided in express and positive terms.

At common law the writ of mandamus was available to stock holders of corporations to secure to them the right of inspection of corporate books of all kinds, provided, of course, the petitioning stockholder could bring his case within the rules that controlled the courts in the exercise of their sound judicial discretion. Upon the stockholder was the burden of showing to the court in the first instance those special circumstances which would justify it in interposing its mandatory process in his behalf. At common law, the right to inspect corporate books was a qualified right' and allowable only when the stockholder was actuated by motives that were lawful and proper and by a purpose to subserve his interests as a holder of the corporate stock. And, accordingly, the petitioner was required to bring his case by adequate averments in his petition, within the limitations of the right above indicated.

But where there is such a statutory provision concerning books as we have in this state (*section* 29, *General Corporation Law; paragraph* 1943, *Revised Code* of 1915) the petitioner need allege in his petition nothing more than the bare essentials necessary to bring it within the statute, viz. that (a) the defendant company is a corporation; (b) that petitioner is a stockholder therein; (c) that there was a proper demand and refusal; and (d) that defendant failed to comply with the duty imposed by the law and sought to be enforced by the proceeding. *Bay State Gas Co. et al. v. Content & Co., supra.*

This is the extent to which the Bay State Gas Company case goes. It simply disposes of a question of pleading. It does not,

31 Del.] State of Delaware vs. Cities Service Co.    519

Opinion.

as was contended by the plaintiff in error, in any wise dispose of the question now before us, namely, whether the court may, in a case under the statute here involved, exercise a discretion when the facts are presented for decision on the merits.

The question is, therefore, an open one in this jurisdiction. The authorities in other jurisdictions are apparently at variance with one another. Yet, a careful study of them will, we think, reveal but little conflict in the result, though there may be a lack of uniformity in the reasoning by which that result is reached.

*Foster v. White*, 86 *Ala.* 467, 6 *South.* 88, decided in 1888, is the earliest case which we have found where the right of a stockholder to a mandamus under a statute similar to ours has been discussed. In that case, there was a petition by a stockholder for mandamus to secure from a corporation a statutory right to inspect books. A demurrer to the petition was filed on the ground, among others, that the petition failed to allege that the demand for an inspection of the books was made for any lawful purpose, nor did the petition specify any particular purpose. The question presented was, therefore, one of pleading, and in this respect is similar to the question presented in the Delaware case of *Bay State Gas Co. et al. v. Content & Co.*, *supra*. But the Alabama court in disposing of the question before it, took occasion to express its views concerning the effect of the statute upon the common law rule governing mandamus in such cases. Because of the frequency with which this case has been cited, as well as because of the soundness of its view, we quote freely from its language:

"*Section* 1677 of Code 1886, declares: 'The stockholders of all private corporations have the right of access to, inspection and examination of, the books, records and papers of the corporation, at reasonable and proper times.' As we do not concur in the proposition, that the statute is merely declaratory of the common law, it becomes unnecessary to consider the character and extent of the right of a shareholder, in the absence of statutory regulations, to inspect and examine the books and records of the corporation of which he is a member. The statute was enacted in view of the restrictions and limitations placed by the common law upon the exercise of the right; and the purpose is to protect small and minority stockholders against the power of the majority, and against the mismanagement and faithlessness of agents and officers, by furnishing mode and opportunity to ascertain, establish, and maintain their rights, and to intelligently perform their corporate duties. Its terms are clear and comprehensive, and afford narrow room for construction. It was intended

to enlarge and disembarrass the exercise of the right, rendering it consistent and coextensive with the stockholder's right, as a common owner of the property, books and papers of the corporation, and with the duties and obligations of the managing officers, as agents and trustees. The only express limitation is that the right shall be exercised at reasonable and proper times. The implied limitation is that it shall not be exercised from idle curiosity, or for improper or unlawful purposes. In all other respects the statutory right is absolute. The shareholder is not required to show any reason or occasion rendering an examination opportune and proper, or a definite or legitimate purpose. The custodian of the books and papers cannot question or inquire into his motives and purposes. If he has reason to believe that they are improper or illegitimate, and refuses the inspection on this ground, he assumes the burden to prove them such."

*Foster v. White* was approved by the later Alabama case of *Winter v. Baldwin*, 89 Ala. 483, 7 *South.* 734. Its principle has likewise been accepted in the following cases: *Weihenmayer v. Bitner*, 88 *Md.* 325, 42 *Atl.* 245, 45 *L. R. A.* 446; *Wight v. Heublein*, 111 *Md.* 649, 75 *Atl.* 507; *Stone v. Kellogg*, 165 *Ill.* 192, 46 *N. E.* 222, 56 *Am. St. Rep.* 240; *Rodger Ballast Car Co. v. Perrin*, 88 *Ill. App.* 324; *Meysenburg v. People*, 88 *Ill. App.* 328; *Furst v. W. T. Rawleigh Medical Co.*, 282 *Ill.* 366, 118 *N. E.* 763; *Comm. v. Empire Pass. Ry. Co.*, 134 *Pa.* 237, 19 *Atl.* 269; *State v. New Orleans Gaslight Co.*, 49 *La. Ann.* 1556, 22 *South.* 815; *Legendre & Co. v. New Orleans Brewing Ass'n*, 45 *La. Ann.* 669, 12 *South.* 837, 40 *Am. St. Rep.* 243; *State v. Doe Run Lead Co.* (*Mo. App.*) 178 *S. W.* 298; *Wyoming Coal Mining Co. v. State*, 15 *Wyo.* 97, 87 *Pac.* 339, 984, 123 *Am. St. Rep.* 1014 (where the right, however, was founded on a by-law rather than on a statute).

The foregoing cases sustain the proposition that where there is a statute similar to the one involved in this case, such statute is not intended to be declaratory of the common-law rule theretofore prevailing, but on the contrary (as was not the case at common law) the statute gives a right to the stockholder so positive in its terms that he need not show any reason or occasion rendering an examination opportune and proper, or a definite or legitimate purpose; but though this be true, yet if the corporation or the custodian of its books can show that the petitioner seeks to inspect the books from idle curiosity, for an improper or unlawful purpose, such showing constitutes a sufficient ground for a refusal to permit the attempted enjoyment of the right.

[4]    This view appeals to us as sound.  We are of the opinion that the right given to the stockholder by the statute to inspect the company's books is given to him as stockholder and is to be exercised by him qua such.  If it appears that he seeks to exercise the right for some purpose that is in no wise connected with his interest as stockholder, but is entirely foreign to such interest, the court which is asked to issue mandamus upon the corporation to compel it to aid him in pursuing such purpose, not only has the right under the statute to deny him the writ, but it is its duty in the exercise of a sound discretion to do so.  We do not conceive that the bestowing by the statute upon the stockholder of this right gives to him a privilege that is his in his individual capacity.  The right by the terms of the statute is given to the "stockholder"; and if it appears that it is sought to exercise the right not as a "stockholder," but in some capacity that is purely individual and in no way germane to the relationship of stockholder to the corporation, then a case is presented which it never was the intention of the statute to provide for.

Whether in any particular case, the writ ought to be granted will, of course, depend on the facts of each case.  All that we now decide is that the statute does not confer a right so absolute and unqualified in its terms that the court may no longer exercise its sound discretion when mandamus is prayed for as an aid to the enjoyment of the right.  It is still permissible under the statute for defenses to be made to the petition for the writ.

Where the stockholder seeks his remedy by mandamus to get at the books of a company, relying upon a statutory right, some courts, with a strong show of reason, have been largely, if not altogether, influenced by the discretionary nature of this extraordinary remedy which from the time of its ancient origin has always been regarded as one of its distinguishing features, to take the view that it never could have been that the Legislature, in the enactment of a statute of this nature, meant to disturb that judicial discretion without expressly saying so.  We have before adverted to this aspect of the question and indicated our recognition of its force.   In those jurisdictions where this view is particularly

emphasized, the courts have declared that notwithstanding the positive terms of the statute, it is permissible to view the application for mandamus as one addressed to the sound discretion of the court. And accordingly in such jurisdictions, each case has been decided not upon the theory of an absolute incontestable right in the stockholder, but upon the theory that, though the statute be absolute in its terms, there may nevertheless be reasons which in the sound discretion of the court are sufficient to deny the stockholder the aid of the court in the securing of his right. *White v. Manter* (1912) 109 *Me.* 408, 84 *Atl.* 890, 42 *L. R. A.* (*N. S.*) 332; *People v. American Press Ass'n* (1912) 148 *App. Div.* 651, 133 *N. Y. Supp.* 216; *State ex rel. Costello v. Middlesex Banking Co.* (1913) 87 *Conn.* 483, 88 *Atl.* 861; *Withington v. Bradley* (1914) 111 *Me.* 384, 89 *Atl.* 201; *Eaton v. Manter*, 114 *Me.* 259, 95 *Atl.* 948; *Knox v. Coburn* (1918) 117 *Me.* 409, 104 *Atl.* 789; *Shea. v. Sweetser* (1920) 119 *Me.* 400, 111 *Atl.* 579.

These cases rest the matter of the issuance of the writ in that sound judicial discretion which has ever attended the extraordinary remedy of mandamus. The natural consequence is that defenses may be made, at least where mandamus is the remedy sought, to an attempt by a stockholder to enjoy the right of inspection given to him by the positive terms of the statute.

Whether, therefore, the reasoning of the courts in these cases, or of the courts in such cases as *Foster v. White, supra,* and the other cases cited by us in connection with that case, may be taken as expressing the correct point of view, is not important in the instant case, because they all arrive at the same conclusion, viz.: that where the application is for mandamus the right of inspection given by the statute may be defeated by defenses which address themselves to the sound discretion of the court.

Likewise the same result is reached in New Jersey. In that state, however, the decision is based on the ground that the statute is merely declaratory of the common law rule. *O'Hara v. Nat. Biscuit Co.*, 69 *N. J. Law.* 198, 54 *Atl.* 241. The New Jersey court seems to stand alone in adopting this interpretation of the statute. While we are unable to go to the extent to which the New Jersey

court has gone in thus holding, yet the authority in that state just referred to clearly is to the effect that in a petition for mandamus for an enforcement of the statutory right, the application is addressed to the discretion of the court.

With respect to the cases in New York, there is this to be said that while there would appear to be some confusion in their rulings, yet the latest case in that jurisdiction (*People v. American Press Ass'n*, 148 *App. Div.* 651, 133 *N. Y. Supp.* 216) settles the rule to be that mandamus for enforcement of the statutory right of inspection rests in the discretion of the court.

In Illinois, as in New York, there seems likewise to have been at one time confusion, if not in the decisions, at least in the language of the opinions. But we believe the law in that state to be as laid down in *Stone v. Kellogg*, 165 *Ill.* 192, 46 *N. E.* 222, 56 *Am. St. Rep.* 240, where the Supreme Court of Illinois says:

"We agree with the Appellate Court that the courts are not without power to prevent an abuse of the rights which the petitioner enjoys by virtue of his relation to the company."

Following the case of *Stone v. Kellogg, supra*, are two later cases in the Appellate Court of Illinois, viz.: *Venner v. Chicago City Ry. Co. et al.*, 246 *Ill.* 170, 92 *N. E.* 643, 138 *Am. St. Rep.* 229, 20 *Ann. Cas.* 6, decided in 1910, and *Maremont v. Old Colony Life Ins. Co.*, 189 *Ill. App.* 231, decided in 1915. In the former of these two cases, the Appellate Court employed language of a rather strong nature embodying the conception that in cases under the statute, the right of inspection is of such nature that the courts have no discretion but to enforce it when the court's mandatory processes are sought. This language we conceive to be dicta and it was so urged in the later case of *Maremont v. Old Colony Life Ins. Co., supra*, and the court in that case said that, if it was dicta:

"We must leave it to the tribunal which declared the doctrine to modify or limit it, if it chooses, in the direction to which appellants maintain the earlier case of *Stone v. Kellogg*, 165 *Ill.* 192, points."

This being the state of the decisions in Illinois, the Supreme Court of that state in the still later case of *Furst v. W. T. R. Med.*

*Co.*, 282 *Ill.* 366, 118 *N. E.* 763, decided in 1918, reaffirmed *Stone v. Kellogg, supra*, and decided the case then before it in a way that clearly indicates its acceptance of the view that applications to inspect books, based on a statutory right, rest for their disposal in the discretion of the court.

We, therefore, think that the Illinois rule is consonant with the views we have hereinbefore expressed as our own.

In *Ellsworth v. Dorward*, 95 *Iowa*, 108, 63 *N. W.* 588, 58 *Am. St. Rep.* 427, the court clearly recognizes that the right to inspect given by the statute must, before it can be secured by the aid of the court, withstand the test which a sound judicial discretion would apply to it. In that case the Iowa Supreme Court said:

"The statutes seem to confer the right in absolute terms, and, if it is to be refused in any case, it seems to us it should only be done when it is clearly apparent that the purpose of asking it is to gratify an idle whim, or to perplex, annoy, or harass the officers having the books in charge."

The plaintiff relies upon the case of *State ex rel Beaty v. Guarantee Mfg. Co. et al.*, 103 *Wash.* 151, 174 *Pac.* 459, decided by the Supreme Court of Washington in 1918, as sustaining his contention in passing upon such applications as were before the court below in this case. We do not think the case sustains this proposition. As we analyze that case, it goes to this extent only, namely, under the facts set up in the answer, elaborated in proof, the court refused to issue the writ of mandamus except as to stockbooks mentioned in the Washington Code, § 3701; but this is of no great significance, for as to the stockbooks it clearly appears that no good reason was shown against the inspection. What the court would have said if some reason like that which is before us had been alleged or proved, we do not know. The following language indicates that it may have refused the writ, or at least would have considered the matter on its merits as lying in the sound discretion of the court:

"So the rule in this state," says the Washington Supreme Court, "is that, to the extent of rights given by statute or the by laws of a corporation, the right of a stockholder to inspect the books, records, and documents of the corporation may not be abridged or denied, except in protection of necessary trade secrets, or to combat some evil purpose, alleged and proved, such as the theft or destruction of records, or similar improper purpose."

31 Del.] State of Delaware vs. Cities Service Co. 525

Opinion.

Whatever might have been the attitude of the Washington Supreme Court towards a defense similar to that set up in this case, we think the foregoing quotation from its opinion clearly sustains the proposition that the petitioning stockholder is not entitled as of course to the issuance of the writ of mandamus to aid him in obtaining inspection of the books regardless of what might be his purpose or intention, even though the right to such inspection is predicated on a statutory provision.

*Kimball v. Dern et al.,* 39 *Utah,* 181, 116 *Pac.* 28, 35 *L. R. A.* (*N. S.*) 134, *Ann. Cas.* 1913E, 166, decided by the Supreme Court of Utah is strongly relied on by the plaintiff in error as sustaining the absolute right of the stockholder to enjoy the statutory right of inspection and that no discretion is reposed in the court with respect thereto. This case would seem to so hold. But the force of its ruling is very much weakened, if not entirely destroyed, by the later case of *Goddard v. General Reduction & Chemical Co.,* 193 *Pac.* 1103, decided by the Supreme Court of Utah in 1920. For it appears by this later Utah case, that the Supreme Court of that state was dissatisfied with the extent to which its language in the earlier case might be carried. Accordingly, the Utah Supreme Court limited its former ruling by a further expression of its views. After quoting that portion of the opinion in *Kimball v. Dern, supra,* which speaks of the stockholders' statutory right to inspect the books as absolute and unconditional, and of the duty of the court to give it such effect, the same court in *Goddard v. General Reduction &Chemical Co.,* supra, says:

"We are not inclined to give this language further effect than is warranted by the facts in that case. In that case the facts did not justify a denial of the right, and therefore the conclusion reached by the court was correct. But that there may be conditions and circumstances which would justify the corporation in refusing to permit an inspection is clearly recognized in *Clawson v. Clayton et al.* [33 *Utah,* 266, 93 *Pac.* 729], and by practically all the authorities cited by defendants.  * * *

"A careful consideration of these cases quite clearly indicates the conditions and circumstances under which the right of inspection may be denied."

We have, we think, noted all the authorities touching the question of whether statutes giving the right of inspection leave

any element of discretion in the court when its aid is sought to enforce such right—all but a few yet remaining for consideration. We now make reference to these.

The case of *Schmidt v. Anderson*, 29 *N. D.* 262, 150 *N. W.* 871, is cited as supporting the view that in such cases there is no room for the exercise of judicial descretion. With respect to this case, we observe, in the first place, that it relies very strongly upon the Utah case of *Kimball v. Dern, supra,* which, as we have just indicated has been limited and restricted by the later Utah case above referred to. And in the second place, the North Dakota court itself in the cited case recognizes that "courts will not lend their aid to parties seeking to perpetrate a crime, when it is clear that they are endeavoring to make use of the examination to aid them in so doing." When this is conceded, then the right under the statute is deprived of that absolute and peremptory feature which is claimed for it, and to an extent at least, is thrown upon the judicial discretion for its enjoyment. When it is conceded that discretion may operate to withhold aid to the securing of the right for one reason, we see no logical bounds which may be set to the exercise of that discretion except what may be prescribed by views as to what constitutes its soundness. Because· of the foregoing, we do not regard the North Dakota case as of sufficient weight to control our views.

Two other cases are cited by the plaintiff in error as opposed to the idea of discretion in the court where applications for mandamus are made in aid of a statutory right of inspection. These are the following: *Johnson v. Langdon,* 135 *Cal.* 624, 67 *Pac.* 1050, 87 *Am. St. Rep.* 156, and *Cincinnati Volksblatt Co. v. Hoffmeister,* 62 *Ohio St.* 189, 56 *N. E.* 1033, 48 *L. R. A.* 732, 78 *Am. St. Rep.* 707. Those two cases do seem to be authorities in support of the contention of the plaintiff in error. But they stand out against the overwhelming weight of authority to the contrary and do not appeal to us as expressive of the correct point of view.

Having now disposed of the first contention of the plaintiff in error by holding that the petition in this case was addressed to

the sound discretion of the court below, we proceed to examine the second contention.

That contention is that if it be conceded that there is any judicial discretion in the matter, the facts set forth in the return to the alternative writ in this case do not justify a refusal to issue the peremptory writ.

The views we entertain and have hereinbefore expressed concerning the nature of the right given to the stockholder by the statute in question will enable us very readily to dispose of this contention.

[5] The purpose of the plaintiff in error in seeking an inspection of the stock ledgers in order to secure a list of the names and addresses of the 26,000 stockholders of the corporation, was in no wise germane to his interest as a stockholder. The return to the alternative writ in substance so states, and, as before indicated, averments in the return are to be taken as true for the purposes of the case. The plaintiff in error owns one share of the stock of the defendant in error, of the par value of $100 out of a total par capital of $121,638,000 owned by 26,000 stockholders. Within two weeks after he acquired this one share, he was promptly demanding an inspection of the stock ledgers for the purpose of securing a list of the stockholders and their addresses. This list he desired for the purpose of commercializing the same. While his purpose was not unlawful, yet his purpose was in our judgment highly improper. He was manifestly not inspired by any interest in the corporation, nor was he engaged in any activity designed to benefit its stockholders, as such. His purpose was entirely foreign to his status of "stockholder." He appeals to a statute which was enacted for his benefit as a stockholder and purposes, if successful in his application, to lay aside his character of stockholder and utilize the information thus acquired in another and entirely different capacity. We are of the opinion that no court ought to lend the assistance of its discretionary powers to a stockholder who seeks in this manner to pervert the wholesome purposes which we conceive the statute was meant to subserve. We do not know to what class of

people the plaintiff in error would sell the stock list of this corporation in case he should be successful in obtaining it. This is immaterial, for the sale would be not in the interest of Cities Service Company's stockholders qua such. Possessing discretion in the matter, we think any court, where the facts are as they are in this case, ought not to allow its mandatory process to issue.

We find no case where, under facts similar to those appearing in this case, any court has looked with favor upon an application for mandamus. The case of *State ex rel. Costello v. Middlesex Banking Co.,* 87 *Conn.* 483, 88 *Atl.* 861, in its decision supplies no precedent to the plaintiff in error, though in its dicta it would seem to be otherwise. We decline to accept the dicta in that case. To do so, would, as we have indicated, allow the statute to be turned to purposes never contemplated for it; would unjustifiably place the names and addresses of the stockholders in the hands of people who have no business with them, and would unreasonably harass and annoy the corporation and its officers.

In Maine, where a statute similar to the Delaware statute exists, the precise question involved in this case was presented. The Supreme Judicial Court of that state, viewing the application as one that rests in the sound discretion of the court, held that—

"The court will protect the interests of the smallest stockholder, but it will not exercise its extraordinary power at the mere behest of one who acquires a nominal stock interest for the sole purpose of advertising other goods or stocks." *Shea. v. Sweetser,* 119 *Me.* 400, 111 *Atl.* 579, citing to the above effect *Eaton v. Manter,* 114 *Me.* 259, 95 *Atl.* 948.

In the Shea Case, the petitioner desired the list of stockholders for the purpose of attempting to sell them other stock, and in the Eaton Case, the purpose of the petitioner was to acquire the list in order to sell it to brokers and others dealing in the stock of corporations. These authorities are the only ones we find which are directly in point upon the question of whether the court ought in such case as is here presented to exercise its discretion in favor of the petitioning stockholder, and we approve of them as eminently sound in their view.

There was no error in the refusal of the court below to quash

the return to the alternative writ, and the action of the court below in so refusing is, therefore, affirmed with costs in both courts on the plaintiff in error.

NOTE: Harrington, J., did not sit in this case, having appeared as one of the counsel in the court below and having also assisted in the preparation of the case for trial in this court.